Volume I of I
## SUPPLEMENTAL TRANSCRIPT

Trial Court No. D-1-DC-14-100139

FILED IN
COURT OF CRIMINAL APPEALS

SEP 04 2015

Abel Acosta, Clerk

In the 390TH Judicial District Court of Travis County, Texas,
Honorable BERT RICHARDSON, Judge Presiding.

Ex Parte: JAMES RICHARD "RICK" PERRY, Applicant

APPEALED to the Court of Appeals transmitted to the
Court of Criminal Appeals for the State of Texas, at Austin, Texas.

Attorney for Applicant
**DAVID BOTSFORD**
1307 WEST AVENUE
AUSTIN, TEXAS 78701
Telephone No.: (512) 479-8030
Fax No.: (512) 479-8040
State Bar No.: 02687950

RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 02 2015

Abel Acosta, Clerk

Attorney for State:
**MR. MICHAEL MCCRUM**, District Attorney Pro Tem
Travis County, Texas
700 N. Mary's St., Suite 1900
San Antonio, Texas 78205
Telephone No.: (210) 225-2285
Fax No.: (210) 225-7045

DELIVERED to the Court of Criminal Appeals for the State of Texas, at Austin, Texas, on the
____ day of Sept ____, 2015.

VELVA L. PRICE
District Clerk, Travis County, Texas

By: _____
HOLLI SILER, Deputy

**Court of Criminal Appeals No.** _____
FILED in the Court of Criminal Appeals for the State of Texas, at Austin, Texas, this
_____ day of _____, ____.

ABEL ACOSTA, Clerk

By: _____, Deputy

# Index

CAPTION ..................................................................................................................1

MOTION TO STAY PROCEEDINGS PENDING APPEAL.........................................2

AMENDED MOTION TO STAY PROCEEDINGS PENDING APPEAL....................10

CLERK'S RECORD CERTIFICATE.........................................................................18

## CAPTION

**THE STATE OF TEXAS**

**COUNTY OF TRAVIS**

In the **390TH JUDICIAL DISTRICT COURT** of Travis County, Texas, the Honorable **BERT RICHARDSON**, Judge Presiding, the following proceedings were held and the following instruments and other papers were filed in this cause, to-wit:

Trial Court Cause Number: **D-1-DC-14-100139**

| | |
|---|---|
| THE STATE OF TEXAS | IN THE 390TH JUDICIAL DISTRICT COURT |
| VS. | OF |
| **JAMES RICHARD "RICK" PERRY** | TRAVIS COUNTY, TEXAS |

NO. D-1-DC-14-100139

| STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| vs | § | 390th DISTRICT COURT |
| | § | |
| JAMES RICHARD "RICK" PERRY | § | TRAVIS COUNTY, TEXAS |

## MOTION TO STAY PROCEEDINGS PENDING APPEAL

**TO THE HONORABLE JUDGE RICHARDSON:**

NOW COMES THE STATE OF TEXAS, by and through Michael McCrum, District Attorney Pro Tem, Travis County, Texas, and pursuant to TEX. CODE CRIM. PROC. article 44.01(e) and TEX. R. APP. P 25.2(g) presents this Motion.

### I.
### OVERVIEW

The Grand Jury indicted Defendant on two counts:

(1) Abuse of Official Capacity Statute, or TEX. PENAL CODE § 39.02(a)(2), which makes it an offense for a "public servant," "with intent to harm . . . another," to intentionally or knowingly "misuse government property . . . that has come into the pubic servant's custody or possession by virtue of the public servant's office or employment;

(2) Coercion of Public Servant, or TEX. PENAL CODE § 36.03(a)(1) which makes it an offense for a person, "by means of coercion," to "influence" or attempt to "influence" a "public servant" to a specific end.

To date, the prosecution of both of these counts has proceeded under one indictment with one cause number and for resolution by one trial.

On July 24, 2014 the Third Court of Appeal issued an opinion effectively dividing the case into two separate actions:

Filed in The District Court
of Travis County, Texas

AUG 3 1 2015

At_____4:23p_M.

Velva L. Price, District Clerk

(1) The Court of Appeals affirmed this Court's rulings that Defendant's "as-applied" challenges may not be considered in pretrial habeas; and

(2) The appellate court decided that the statute the Texas Legislature passed to combat public corruption is overbroad and unenforceable.

Although the Third Court of Appeals rejected Defendant's legal arguments to dismiss Count I, he is seeking a petition for discretionary review with the Court of Criminal Appeals. And because the Third Court of Appeals invalidated a public law that protects all citizens from public corruption, the State Prosecutor's Office is seeking discretionary review regarding the statute at issue in Count Two.

It is unknown whether the Court of Criminal Appeals will grant review on either or both grounds.

## II.
## THE STATE'S POSITION

The State's interests are threefold: 1) to resolve this case in the most fair, expeditious and prompt manner possible; 2) to avoid duplicitous legal proceedings, thereby saving time and expense to the taxpayers of Travis County and the State of Texas; and 3) to defend a statute that was passed by the Texas Legislature specifically to protect the public from abuse of power by public officials. The issue before this Court is whether to address pending motions to dismiss the remaining count and/or proceed to trial on the remaining count. The State is concerned, however, that proceeding forward in the district court could give rise to an unnecessary, significant expenditure of resources, given the fact that the Court of Criminal Appeals has pending before it live pleadings affecting each of the counts of the indictment.

As this Court is aware, the opinion of the Third Court of Appeals in the instant case entitles both parties to seek further review in the Court of Criminal Appeals for a final determination of disputed legal issues as to each count of the indictment. From the State's

perspective, the court of appeals' decision affects Count II of the indictment, triggering the right of the State to appeal pursuant to Tex. Code Crim. Proc. § 44.01(a) and 44.01(h). *See, e.g., State v. Richardson*, 383 S.W.3d 544, 545 (Tex. Crim. App. 2012); *State ex rel. Lykos v. Fine*, 330 S.W.3d 904 (Tex. Crim. App. 2011). Pursuant to Tex. Code Crim. Proc. § 44.01(e), the State may request a stay of all district court proceedings so that a final determination by the Court of Criminal Appeals may be made on the constitutionality of the public corruption statute in Count II.

The State is mindful that it could seek to proceed to trial on Count I and await the Court of Criminal Appeals' decision on Count II. But because the Court of Criminal Appeals has before it requested relief filed by both parties relative to both of the indictment counts, it does not appear prudent for the district court to make decisions relative to either of these counts and/or proceed to trial, where the Court of Criminal Appeals may make such moot or otherwise unnecessary. The State believes the more prudent path is to await direction from the Court of Criminal Appeals on the pending petitions for discretionary review.

### III.
### LEGAL SUPPORT

A. Article 44.01 of the Texas Code of Criminal Procedure

The State is *entitled* to a stay of all trial court proceedings pending resolution of the appeals concerning the 3rd Court's dismissal of portions of Defendant's indictment.[1] Through its petition for discretionary review, the State is appealing the 3rd Court's dismissal of a portion of the

---

[1] *See* Tex. Code Crim. Proc. arts. 44.01(a) and (e).

indictment against Defendant. As this is plainly considered an appeal, the State is entitled to a stay of all lower proceedings "pending the disposition of the appeal."[2]

Under Article 44.01, the State is only allowed to appeal certain orders and judgments. One of the limited instances in which the State is allowed an appeal is when an order or judgment "dismisses an indictment, information, or complaint or any portion of an indictment, information, or complaint."[3]

Here, the 3rd Court's July 24, 2015 Order dismissed a portion of the indictment returned against Defendant, namely Count II of the Indictment, by finding one of the statutes under which Defendant was indicted was unconstitutional. Thus, the State's petition for discretionary review is a permitted appeal of the 3rd Court's order under Art. 44.01(a) of the Texas Code of Criminal Procedure.

Once the State appeals an order or judgment under Article 44.01(a), it is "entitled to a stay in the proceedings pending the disposition of [the] appeal" under Article 44.01(e). Upon request by the State, we respectfully submit the district court has no discretion.

Pursuant to that Article, and in the interest of justice, the State requests this Stay.

B. Rule 25.2 of the Texas Rules of Appellate Procedure

In fact, a stay in the trial proceedings in this Court should be *automatic* upon the Defendant's Third Court appeal and petition for discretionary review in the Court of Criminal Appeals (and now the State's PDR), due to Rule 25.2 of the Texas Rules of Appellate Procedure.

---

[2] *See* Tex. Code Crim. Proc. art. 44.01(e) ("The state is entitled to a stay in the proceedings pending the disposition of an appeal under Subsection (a) or (b) of this article").

[3] *See* Tex. Code Crim. Proc. arts. 44.01(a)

Subsection (a)(1) of that rule recognizes the State's right to appeal a court's order under § 44.01 the Code of Criminal Procedure.[4] When such an appeal is undertaken by the State, rule 25.2(g) mandates that "all further proceedings in the trial court . . . *will be suspended* until the trial court receives the appellate-court mandate."[5]

As this Court has yet to receive the Court of Criminal Appeal's mandate related to the Third Court's order, *all* proceedings in this Court are suspended until that mandate is passed-down.

Thus, this motion only asks this Court to recognize a stay that is automatic under the Rules of Appellate Procedure.

## IV.
## RELIEF SOUGHT

Pursuant to the above, the State requests a stay of all trial court proceedings in this Court pending resolution of the current appeals of the Third Court's July 25, 2015 order in the Court of Criminal Appeals.

Respectfully Submitted:

MICHAEL MCCRUM
State Bar No. 13493200
District Attorney Pro Tem
Travis County, Texas
700 N. St. Mary's St., Suite 1900
San Antonio, TX 78205
Telephone: (210) 225-2285
Facsimile: (210) 225-7045
michael@mccrumlegal.com

---

[4] Tex. R. App. P. 25.2(a)(1). As discussed above, Tex. Code Crim. Proc. § 44.01(a) allows the State to appeal a court order which effectively dismisses a portion of the indictment—as is the case in the Third Court's July 24, 2015 order.

[5] Tex. R. App. P. 25.2(g) (emphasis added).

DAVID M. GONZALEZ
State Bar No. 24012711
Assistant District Attorney Pro Tem
Travis County, Texas
206 East 9th Street, Suite 1511
Austin, Texas 78701
Telephone: (512) 381-9955
Facsimile: (512) 485-3121
david@sg-llp.com

**ATTORNEYS FOR
THE STATE OF TEXAS**

## CERTIFICATE OF SERVICE

This is to certify that on August ___, 2015, a true and correct copy of this the State's Motion to Stay Proceedings Pending Appeal has been emailed to:

David L. Botsford
Botsford & Roark
1307 West Ave.
Austin, TX 78701
(512) 479-8040 Facsimile
dbotsford@aol.com

Thomas R. Phillips
Baker Botts, L.L.P.
98 San Jacinto Blvd., Ste. 1500
Austin, TX 78701
(512) 322-8363 Facsimile
Tom.phillips@bakerbotts.com

Anthony G. Buzbee
The Buzbee Law Firm
600 Travis St., Ste. 7300
Houston, TX 77002
(713) 223-5909 Facsimile
tbuzbee@txattorneys.com

_____
David M. Gonzalez

## NO. D-1-DC-14-100139

| STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| vs | § | 390th DISTRICT COURT |
| | § | |
| JAMES RICHARD PERRY | § | TRAVIS COUNTY, TEXAS |

## ORDER

On this day came on to be considered the State's Motion to Stay Proceedings Pending Appeal.

**IT IS HEREBY ORDERED** that all trial court proceedings shall be stayed until all legal matters are resolved in the Court of Criminal Appeals.

SIGNED this _____ day of _____ 2015.


_____
Judge Richardson

NO. D-1-DC-14-100139

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| vs | § | 390th DISTRICT COURT |
| | § | |
| JAMES RICHARD "RICK" PERRY | § | TRAVIS COUNTY, TEXAS |

## AMENDED MOTION TO STAY PROCEEDINGS PENDING APPEAL

### TO THE HONORABLE JUDGE RICHARDSON:

NOW COMES THE STATE OF TEXAS, by and through Michael McCrum, District Attorney Pro Tem, Travis County, Texas, and pursuant to TEX. CODE CRIM. PROC. article 44.01(e) and TEX. R. APP. P 25.2(g) presents this Motion.

## I.
## OVERVIEW

The Grand Jury indicted Defendant on two counts:

(1) Abuse of Official Capacity Statute, or TEX. PENAL CODE § 39.02(a)(2), which makes it an offense for a "public servant," "with intent to harm . . . another," to intentionally or knowingly "misuse government property . . . that has come into the pubic servant's custody or possession by virtue of the public servant's office or employment;

(2) Coercion of Public Servant, or TEX. PENAL CODE § 36.03(a)(1) which makes it an offense for a person, "by means of coercion," to "influence" or attempt to "influence" a "public servant" to a specific end.

To date, the prosecution of both of these counts has proceeded under one indictment with one cause number and for resolution by one trial.

On July 24, 2015 the Third Court of Appeal issued an opinion effectively dividing the case into two separate actions:

Filed in The District Court
of Travis County, Texas

SEP 0 1 2015

At _____ //:02-A M.
Velva L. Price, District Clerk

(1) The Court of Appeals affirmed this Court's rulings that Defendant's "as-applied" challenges may not be considered in pretrial habeas; and

(2) The appellate court decided that the statute the Texas Legislature passed to combat public corruption is overbroad and unenforceable.

Although the Third Court of Appeals rejected Defendant's legal arguments to dismiss Count I, he is seeking a petition for discretionary review with the Court of Criminal Appeals. And because the Third Court of Appeals invalidated a public law that protects all citizens from public corruption, the State Prosecutor's Office is seeking discretionary review regarding the statute at issue in Count Two.

It is unknown whether the Court of Criminal Appeals will grant review on either or both grounds.

## II.
## THE STATE'S POSITION

The State's interests are threefold: 1) to resolve this case in the most fair, expeditious and prompt manner possible; 2) to avoid duplicitous legal proceedings, thereby saving time and expense to the taxpayers of Travis County and the State of Texas; and 3) to defend a statute that was passed by the Texas Legislature specifically to protect the public from abuse of power by public officials. The issue before this Court is whether to address pending motions to dismiss the remaining count and/or proceed to trial on the remaining count. The State is concerned, however, that proceeding forward in the district court could give rise to an unnecessary, significant expenditure of resources, given the fact that the Court of Criminal Appeals has pending before it live pleadings affecting each of the counts of the indictment.

As this Court is aware, the opinion of the Third Court of Appeals in the instant case entitles both parties to seek further review in the Court of Criminal Appeals for a final determination of disputed legal issues as to each count of the indictment. From the State's

perspective, the court of appeals' decision affects Count II of the indictment, triggering the right of the State to appeal pursuant to Tex. Code Crim. Proc. § 44.01(a) and 44.01(h). *See, e.g., State v. Richardson*, 383 S.W.3d 544, 545 (Tex. Crim. App. 2012); *State ex rel. Lykos v. Fine*, 330 S.W.3d 904 (Tex. Crim. App. 2011). Pursuant to Tex. Code Crim. Proc. § 44.01(e), the State may request a stay of all district court proceedings so that a final determination by the Court of Criminal Appeals may be made on the constitutionality of the public corruption statute in Count II.

The State is mindful that it could seek to proceed to trial on Count I and await the Court of Criminal Appeals' decision on Count II. But because the Court of Criminal Appeals has before it requested relief filed by both parties relative to both of the indictment counts, it does not appear prudent for the district court to make decisions relative to either of these counts and/or proceed to trial, where the Court of Criminal Appeals may make such moot or otherwise unnecessary. The State believes the more prudent path is to await direction from the Court of Criminal Appeals on the pending petitions for discretionary review.

## III.
## LEGAL SUPPORT

A. Article 44.01 of the Texas Code of Criminal Procedure

The State is *entitled* to a stay of all trial court proceedings pending resolution of the appeals concerning the 3rd Court's dismissal of portions of Defendant's indictment.[1] Through its petition for discretionary review, the State is appealing the 3rd Court's dismissal of a portion of the

---

[1] *See* Tex. Code Crim. Proc. arts. 44.01(a) and (e).

indictment against Defendant. As this is plainly considered an appeal, the State is entitled to a stay of all lower proceedings "pending the disposition of the appeal."[2]

Under Article 44.01, the State is only allowed to appeal certain orders and judgments. One of the limited instances in which the State is allowed an appeal is when an order or judgment "dismisses an indictment, information, or complaint or any portion of an indictment, information, or complaint."[3]

Here, the 3rd Court's July 24, 2015 Order dismissed a portion of the indictment returned against Defendant, namely Count II of the Indictment, by finding one of the statutes under which Defendant was indicted was unconstitutional. Thus, the State's petition for discretionary review is a permitted appeal of the 3rd Court's order under Art. 44.01(a) of the Texas Code of Criminal Procedure.

Once the State appeals an order or judgment under Article 44.01(a), it is "entitled to a stay in the proceedings pending the disposition of [the] appeal" under Article 44.01(e). Upon request by the State, we respectfully submit the district court has no discretion.

Pursuant to that Article, and in the interest of justice, the State requests this Stay.

B. Rule 25.2 of the Texas Rules of Appellate Procedure

In fact, a stay in the trial proceedings in this Court should be *automatic* upon the Defendant's Third Court appeal and petition for discretionary review in the Court of Criminal Appeals (and now the State's PDR), due to Rule 25.2 of the Texas Rules of Appellate Procedure.

---

[2] *See* Tex. Code Crim. Proc. art. 44.01(e) ("The state is entitled to a stay in the proceedings pending the disposition of an appeal under Subsection (a) or (b) of this article").

[3] *See* Tex. Code Crim. Proc. arts. 44.01(a)

Subsection (a)(1) of that rule recognizes the State's right to appeal a court's order under § 44.01 the Code of Criminal Procedure.[4] When such an appeal is undertaken by the State, rule 25.2(g) mandates that "all further proceedings in the trial court . . . *will be suspended* until the trial court receives the appellate-court mandate."[5]

As this Court has yet to receive the Court of Criminal Appeal's mandate related to the Third Court's order, *all* proceedings in this Court are suspended until that mandate is passed-down.

Thus, this motion only asks this Court to recognize a stay that is automatic under the Rules of Appellate Procedure.

## IV.
## RELIEF SOUGHT

Pursuant to the above, the State requests a stay of all trial court proceedings in this Court pending resolution of the current appeals of the Third Court's July 25, 2015 order in the Court of Criminal Appeals.

Respectfully Submitted:

MICHAEL MCCRUM
State Bar No. 13493200
District Attorney Pro Tem
Travis County, Texas
700 N. St. Mary's St., Suite 1900
San Antonio, TX 78205
Telephone: (210) 225-2285
Facsimile: (210) 225-7045
michael@mccrumlegal.com

---

[4] Tex. R. App. P. 25.2(a)(1). As discussed above, Tex. Code Crim. Proc. § 44.01(a) allows the State to appeal a court order which effectively dismisses a portion of the indictment—as is the case in the Third Court's July 24, 2015 order.
[5] Tex. R. App. P. 25.2(g) (emphasis added).

_David M. Gonzalez signature_

DAVID M. GONZALEZ
State Bar No. 24012711
Assistant District Attorney Pro Tem
Travis County, Texas
206 East 9th Street, Suite 1511
Austin, Texas 78701
Telephone: (512) 381-9955
Facsimile: (512) 485-3121
david@sg-llp.com

**ATTORNEYS FOR
THE STATE OF TEXAS**

## CERTIFICATE OF SERVICE

This is to certify that on September 1, 2015 a true and correct copy of this the State's Amended Motion to Stay Proceedings Pending Appeal has been emailed to:

David L. Botsford
Botsford & Roark
1307 West Ave.
Austin, TX 78701
(512) 479-8040 Facsimile
dbotsford@aol.com

Thomas R. Phillips
Baker Botts, L.L.P.
98 San Jacinto Blvd., Ste. 1500
Austin, TX 78701
(512) 322-8363 Facsimile
Tom.phillips@bakerbotts.com

Anthony G. Buzbee
The Buzbee Law Firm
600 Travis St., Ste. 7300
Houston, TX 77002
(713) 223-5909 Facsimile
tbuzbee@txattorneys.com

_____
David M. Gonzalez

NO. D-1-DC-14-100139

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| vs | § | 390th DISTRICT COURT |
| | § | |
| JAMES RICHARD PERRY | § | TRAVIS COUNTY, TEXAS |

## ORDER

On this day came on to be considered the State's Amended Motion to Stay Proceedings Pending Appeal.

**IT IS HEREBY ORDERED** that all trial court proceedings shall be stayed until all legal matters are resolved in the Court of Criminal Appeals.

SIGNED this _____ day of _____ 2015.

_____
Judge Richardson

---

## CLERK'S RECORD CERTIFICATE

---

**THE STATE OF TEXAS**
**COUNTY OF TRAVIS**

    I, **VELVA L. PRICE**, Clerk of the District Courts of Travis County, Texas, do hereby certify that the documents contained in this record to which this certifications is attached are al of the documents specified by Texas Rule of Appellate Procedure 34.5 (a) and all other documents timely requested by a party to this proceeding under Texas Rule of Appellate Procedure 34.5 (b).

**GIVEN UNDER MY HAND AND SEAL** of said Court at Office in Austin, Travis County, Texas, this the ___1___ day of ___Sept___, ___2015___.

**VELVA L. PRICE**
District Clerk, Travis County, Texas



By:_____
    Deputy