

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD-1867-11

---

### THE STATE OF TEXAS

### v.

### STEWART LE RICHARDSON, Appellee

---

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SECOND COURT OF APPEALS
### TARRANT COUNTY

---

**JOHNSON, J., delivered the opinion of a unanimous Court.**

### O P I N I O N

Appellee was charged by indictment with multiple counts of intoxication assault stemming from his involvement in a crash that injured the members of a family, one of them severely. The indictment included enhancement paragraphs that incorporated appellee's three convictions in Iowa for the offense of "operating under the influence, unintentionally causing serious injury." Under Iowa law, this offense is an "aggravated misdemeanor."

The state appealed the trial court's refusal to let it use the Iowa convictions to enhance the punishment range of the charged offense. The court of appeals dismissed the state's appeal for lack

of jurisdiction,[1] and the state petitioned this Court for review.

Article 44.01(a)(1) of the Texas Code of Criminal Procedure permits the state to appeal an order that "dismisses any indictment, information, or complaint or any portion of an indictment, information, or complaint."  The plain language of article 44.01(a)(1) compels us to hold that the court of appeals had jurisdiction in this case.  We reverse the court of appeals and remand this cause to that court for consideration of the merits of the state's claim.

## I. Facts

Pursuant to § 12.41(1) of the Penal Code,[2] the state sought to use the Iowa offenses as felony convictions so that it could enhance appellee's sentence under § 12.42.[3]  Appellee moved to quash the enhancement allegations in the indictment, arguing that the Iowa aggravated misdemeanors should be classified as misdemeanors under § 12.41(2);[4] if classified as misdemeanors, the offenses would be ineligible to enhance appellee's sentence.[5]

At a pretrial hearing, the trial court granted appellee's motion to quash the enhancement allegations.  On February 8, 2010, the court entered a written order that "the State may not use the offense[s] alleged in the repeat offender notice of the indictment as enhancement paragraphs, and

---

[1] *State v. Richardson*, 353 S.W.3d 918, 921 (Tex. App.—Fort Worth 2011).

[2] Section 12.41(1) provides that "any conviction not obtained from a prosecution under this code shall be classified as. . . [a] 'felony of the third degree' if imprisonment in the Texas Department of Criminal Justice or another penitentiary is affixed to the offense as a possible punishment."

[3] Section 12.42 enhances penalties for "habitual felony offenders."

[4] Section 12.41(2) provides that "any conviction not obtained from a prosecution under this code shall be classified as. . . [a] 'Class B misdemeanor' if the offense is not a felony and confinement in a jail is affixed to the offense as a possible punishment."

[5] Section 12.42's enhancement paragraphs apply only when the defendant has prior felony convictions.

may further not refer to those offenses as felony convictions, in that they are misdemeanors."

After granting the motion to quash, the trial court asked the state whether it intended to appeal the decision. The state replied that it had to speak with the complainant's family. It subsequently appealed the trial court's ruling to the court of appeals. Concerned that it did not have jurisdiction over the state's appeal, the court of appeals requested briefing from the parties "on whether the trial court's February 8, 2010 order constitutes a dismissal of any portion of the indictment so that a State's appeal is authorized under article 44.01(a)(1) of the code of criminal procedure." Following briefing from the parties, the court of appeals held that it did not have jurisdiction over the state's appeal and dismissed the appeal.

The state filed a petition for discretionary review by this Court that raised six grounds for review.[6] We granted review on all six grounds, all of which are based on the underlying legal question: does Art. 44.01 authorize the state to appeal a trial-court order quashing the enhancement portion of an indictment. Therefore, our analysis will focus on this question.

## II. Analysis

[6] 1. Does jurisdiction lie pursuant to article 44.01(a)(1) to authorize a State appeal where the trial court quashes indictment paragraphs which allege punishment enhancement? Tex. Code Crim. Proc. Ann. art. 44.01(a)(1).
   2. Does the plain language of article 44.01 mean what it says, that is, that a trial court's dismissal of "a portion of an indictment" entitles the State to appeal? Tex. Code Crim. Proc. Ann. art. 44.01(a)(1).
   3. Did the Second Court of Appeals' decision contravene statutory construction rules by failing to give effect to the plain meaning of article 44.01(a)(1)? Tex. Code Crim. Proc. Ann. art. 44.01(a)(1).
   4. Did this Court's *State v. Moreno* decision mean what it said, that is, that article 44.01(a)(1)'s provision authorizing an appeal from an order "dismissing any portion of an indictment" is fulfilled whenever the trial court "effectively terminates the prosecution in favor of the defendant" by forcing any alteration in the indictment before trial and the State is not willing to comply with that order? *State v. Moreno*, 807 S.W.2d 327 (Tex. Crim. App. 1991); Tex. Code Crim. Proc. Ann. art. 44.01(a)(1).
   5. Did the Second Court of Appeals also run afoul of *State v. Moreno* by failing to heed its admonition not to impede the State's right to appeal by focusing on technical pleadings' distinctions? *Moreno*, 807 S.W.2d at 334-33.
   6. Did the Second Court of Appeals also run afoul of *State v. Moreno* by ruling contrary to the article 44.01(a)(1)'s legislative history, detailed in *Moreno*, which indicates that provision's enactment sought to grant Texas prosecutors the broad authority to appeal akin to the broad right of appeal enjoyed by federal prosecutors? *State v*[.] *Moreno*, 807 S.W.2d 327 (Tex. Crim. App. 1991); Tex. Code Crim. Proc. Ann. art. 44.01(a)(1).

## A. Plain Language

Courts must give effect to the plain meaning of a statute's literal text unless such a reading either would lead to absurd, unintended consequences or the plain language is ambiguous. *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991). Article 44.01(a)(1) allows the state to appeal a decision "dismiss[ing]. . . any portion of an indictment." The legislature's choosing to use "any" as a modifier requires a broad interpretation of "portion of an indictment." Furthermore, Art. 44.01(a)(1) should be "liberally construed [so as] to achieve [its] purpose." *State v. Moreno*, 807 S.W.2d 327, 333 (quoting V.T.C.A. Gov't. Code, Sec. 312.006). Because the quashed enhancement paragraphs were alleged in the indictment, and thus are quite literally a "portion of an indictment," Art. 44.01(a)(1) may be invoked to permit the state's appeal.

This reading does not lead to absurd or unintended consequences. As we discussed in *Moreno*, the Legislature "intended to extend to the State appellate powers akin to those that the United States Congress had extended to the federal government in a criminal case." *Moreno*, 807 S.W.2d at 329; *see* discussion *infra* Part II.C. The Supreme Court has held that Congress intended the federal statute "to allow appeals [by the federal government] whenever the Constitution would permit." *Id*. at 331 (quoting *United States v. Wilson*, 420 U.S. 332 (1975)). Appellee has not alleged any constitutional violation. We cannot, therefore, say that allowing this appeal would be an absurd or unintended consequence of Art. 44.01(a)(1).

## B. *Brooks v. State*[7]

The court of appeals rejected the state's plain-language argument and instead found that "the words 'indictment' and 'enhancement paragraphs' have particular meanings that do not support the

---

[7] 957 S.W.2d 30 (Tex. Crim. App. 1997).

State's [plain language] position." *Richardson*, 353 S.W.3d at 921. According to the court of appeals, "indictment" refers to the "*primary* pleading in a criminal action," which must include "everything necessary to be proven to sustain a conviction *in the guilt/innocence phase*" of a trial. *Id*. (quoting *Brooks,* emphasis added by court of appeals). The court of appeals relied on *Calton v. State*[8] to distinguish between pleading a prior conviction as an element of an offense and pleading a prior conviction as a sentence enhancement. *Id*. at 921-22. The court of appeals found that a prior conviction that is plead as part of an offense is a "portion of the indictment" under Art. 44.01(a)(1), whereas a prior conviction that is plead as part of an enhancement paragraph is not a "portion of the indictment" since the prosecution is not required to prove that allegation in the guilt phase of the trial. *Id*. at 922. The court of appeals concluded that, "[i]n light of the accepted meanings of 'indictment' and 'enhancement paragraphs,' the trial court did not dismiss 'a portion of the indictment.'" *Id*.

The language of Art. 44.01(a)(1) and our prior decisions do not support the court of appeals's distinction between primary and ancillary pleadings in an indictment for purposes of the state's appeal under Art. 44.01(a)(1). This distinction was relevant in *Brooks* only because the indictment did not include the enhancement allegations; there would be possible constitutional notice implications if the state were required to plead enhancement allegations in the indictment. *See Brooks v. State*, 957 S.W.2d at 31. We held that the trial court did not err in instructing the jury on enhancement because the enhancement could have been plead by the state in another form and the defendant admittedly had notice of the enhancement. *Id*. at 34. It does not follow that enhancement allegations are not a "portion of the indictment" under Art. 44.01(a)(1) simply because the state was

---

[8] 176 S.W.3d 231, 231-34 (Tex. Crim. App. 2005).

not required to plead enhancement allegations in the indictment.

## C. *State v. Moreno*[9]

Our decision in *Moreno* supports jurisdiction for the state's appeal. The trial court granted the defendant's motion to quash the indictment because of vagueness in the state's allegations. 807 S.W.2d at 328. In the order drawn up by the defense and signed by the trial court, the judge crossed out the language "and this cause is dismissed." *Id*. At issue was whether the court nevertheless "dismissed" the indictment for purposes of the state's appeal under Art. 44.01(a)(1). *Id*. at 329.

We traced the history of Art. 44.01 to determine the meaning of "dismiss." *Id*. at 329-33. When the Legislature enacted Art. 44.01, it "borrowed liberally" from the federal statute permitting the state to appeal, which resulted in some ill-fitting language being incorporated into the Texas statute. *Id*. at 329. Article 44.01(a)(1) provides that the state may appeal an order that "dismisses" an indictment, information, or complaint, or any portion thereof, but Texas criminal procedure does not use "dismiss" as the term for a challenge to the validity of a charging instrument. *Id*.

To discern the extent of the state's right to appeal, we traced the extent of the federal government's right to appeal under the federal statute. We found that 18 U.S.C. § 3731 "remove[s] all statutory barriers to Government appeals. . . [so as to allow] appeals whenever the Constitution would permit." *Id*. at 332 (quoting *United States v. Wilson*, 420 U.S. 332, 337 (1975)). Keeping our statute in line with its federal counterpart, we held that Art. 44.01(a)(1) permits the state to appeal an order concerning an indictment or information "whenever the order effectively terminates the prosecution in favor of the defendant." *Id*. at 332. A trial court dismisses an information or indictment, or portion thereof, when it "effectively foreclose[s] the State from proceeding with the

---

[9] 807 S.W.2d 327 (Tex. Crim. App. 1991).

information [or indictment] under which it wished to proceed." *Id*. at 333, n.7.

Here, the state contends that the enhancement allegations were central to its prosecution because "it wished to proceed" with an indictment that potentially subjected appellee to a life sentence. By quashing the enhancement paragraphs and thereby prohibiting the state from referring to the Iowa offenses as felonies, the trial court's ruling foreclosed the state from proceeding on the indictment "under which it wished to proceed." In fact, the state informed the trial court that, if it lost on appeal, it had "no intent of trying these cases any way other than one or two at a time . . . so we have an option of asking this court to stack sentences after multiple trials . . . ." The state argues that, under *Moreno,* the prosecution was effectively terminated because the state would not proceed on the contested indictment without the enhancement paragraphs.

## D. *State ex rel Lykos v. Fine*[10] and *State v. Morgan*[11]

Our decisions in *Lykos* and *Morgan* do not support dismissal of the state's appeal. In these cases, we found Art. 44.01(a)(1) inapplicable because the trial-court rulings at issue did not fall within the plain language of the statute, which requires the dismissal of the charging instrument or a portion of the charging instrument. In each of these cases, a party sought a pretrial ruling on an issue that would not alter the face of the indictment or information.

In *Lykos*, a capital-murder defendant challenged the constitutionality of Texas's death-penalty sentencing statute through a pretrial motion. 330 S.W.3d at 906. The state filed petitions of mandamus and prohibition to stop the trial court from holding an evidentiary hearing on the motion and from granting the defendant's motion before the state had the opportunity to prove the

---

[10] 330 S.W.3d 904 (Tex. Crim. App. 2011).

[11] 160 S.W.3d 1 (Tex. Crim. App. 2004).

allegations in the indictment to the jury. *Id*. We conditionally granted the mandamus and prohibition relief, in part because the state would have no adequate remedy at law if the trial court granted defendant's motion. *Id*. at 907. We rejected the defendant's argument that, although the words of the statute would not allow a state's appeal of a pretrial ruling on that issue, the "spirit" of Art. 44.01(a)(1) would have permitted such an appeal; we found that Art. 44.01 "either does or does not authorize a State's appeal [and that it] does not authorize the State to appeal from a pretrial ruling on a possible punishment issue that fails to dismiss any part of the actual indictment." *Id*. at 914. *Lykos* therefore stands for the proposition that a pretrial ruling that does not affect the face of the charging instrument may not be appealed by the state under Art. 44.01(a)(1).

As in *Lykos*, *Morgan* also dealt with an impermissible appeal of a pretrial ruling. In *Morgan*, the state charged the defendant, by information, with the misdemeanor offense of driving while intoxicated. 160 S.W.3d at 2. In the information, the state alleged a prior DWI conviction in order to raise the offense to a Class A misdemeanor pursuant to § 49.09 of the Penal Code. *Id*. Because the judge had previously ruled that similar informations alleged only Class B offenses with an enhancement allegation, the state filed a pretrial motion for a "determination of whether, if the defendant is found guilty, the jury will be instructed to consider a Class A range of punishment if the prior conviction is found true." *Id*. The court ruled that if the defendant was found guilty, the court would not instruct the jury on a Class A range of punishment. *Id*. The state appealed the ruling, and the court of appeals held that it had jurisdiction to hear the appeal under Art. 44.01(a)(1), but that there was no error on the merits. *Id*. at 3. We granted the state's petition for discretionary review on the merits and, on our own motion, on the jurisdictional question of whether Art. 44.01(a)(1) authorizes the state's appeal. *Id*.

We held that Art. 44.01(a)(1) did not authorize the state's appeal. We found that the trial court's order "[did] not force an alteration of the information before the trial can proceed," and the state was therefore pursuing an impermissible interlocutory appeal. *Id*. at 4-5. Because the trial court's order did not affect the face of the charging instrument, Art. 44.01(a)(1) did not apply. This is consistent with our decisions in *Moreno* and *Lykos*.

The court of appeals embraced some broad language in *Morgan* that seemed to limit the scope of the state's right to appeal pretrial rulings relating to punishment. *Richardson*, 353 S.W.3d at 925. But we have already shown that the distinction between primary and ancillary pleadings in an indictment is not relevant to an appeal under Art. 44.01(a)(1).[12] The distinction in *Morgan* was not necessary to the holding because the pre-trial ruling at issue did not affect the face of the information. *Morgan* thus stands for the proposition that a pretrial ruling that does not affect the face of the charging instrument may not be appealed by the state under Art. 44.01(a)(1).

In the present case, the trial court quashed the enhancement paragraphs. By deleting those paragraphs, the trial court's order affected the face of the charging instrument, and this case is therefore distinguishable from *Lykos* and *Morgan*.

## Conclusion

The judgment of the court of appeals is reversed. We remand this cause to that court so that it may rule on the merits of the state's appeal.

Delivered: November 21, 2012
Publish

---

[12] *See supra* Part II.B.