

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO. 02-10-00058-CR

THE STATE OF TEXAS                                                                 STATE

V.

STEWART LE RICHARDSON                                                      APPELLEE

----------

## FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1] ON REMAND

----------

### Introduction

The State charged Appellee Stewart Le Richardson with several counts of intoxication-related offenses for his part in a motor-vehicle crash that left four persons injured, one severely. The indictment included enhancement paragraphs that incorporated Appellee's prior convictions in Iowa for "operating

---

[1]*See* Tex. R. App. P. 47.4.

under the influence, unintentionally causing serious injury." Under the law of Iowa, this offense is designated an "aggravated misdemeanor." *State v. Richardson*, 383 S.W.3d 544, 545 (Tex. Crim. App. 2012). The parties agree and the trial court specifically found that aggravated misdemeanors in Iowa carry a possible punishment of two years' confinement in a penitentiary.

The trial court granted Appellee's motion to quash the indictment's enhancement paragraphs, and the State appealed. On original submission, we dismissed for want of jurisdiction. *State v. Le Richardson*, 353 S.W.3d 918, 921 (Tex. App.—Fort Worth 2011), *rev'd*, 383 S.W.3d at 550. The court of criminal appeals reversed that decision and remanded for consideration on the merits. 383 S.W.3d at 550. Having considered the merits, we now reverse the trial court's order granting Appellee's motion to quash and remand the case for further proceedings consistent with this opinion. *See* Tex. R. App. P. 43.2(d).

### Standard of Review

In six points that it combines for argument, the State asserts that the trial court erred by granting Appellee's motion to quash enhancement paragraphs pled in the indictment. In deciding whether to grant the motion to quash, the trial court did not have to evaluate the credibility or demeanor of any witnesses—it based its ruling on the indictment, the motion to quash, and the argument of counsel. Therefore, the trial court occupied no better position than an appellate court to decide the issue. *See State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004). Accordingly, the appropriate standard of review is de novo. *Id.*; *see*

2

*State v. Barbernell*, 257 S.W.3d 248, 251–52 (Tex. Crim. App. 2008); *cf. Jeffs v. State*, No. 03-10-00272-CR, 2012 WL 601846, at *12 (Tex. App.—Austin Feb. 24, 2012, no pet.) (mem. op., not designated for publication) (applying "deferential abuse-of-discretion standard" when trial court's ruling on motion to quash was based on "evidence presented at a hearing on the motion—including conflicting testimony and multiple exhibits" as well as indictment, motion to quash, and argument of counsel).

## Discussion

Section 12.41 of our penal code is entitled "Classification of Offenses Outside this Code" and governs how offenses committed outside of this state are classified for enhancement purposes. Tex. Penal Code Ann. § 12.41 (West 2011); *Ex parte Blume*, 618 S.W.2d 373, 376 (Tex. Crim. App. 1981) (noting that the legislature enacted section 12.41 "to deal specifically with the classification for enhancement purposes of convictions obtained outside the [Texas] Penal Code"); *see Davis v. State*, 645 S.W.2d 288, 292 (Tex. Crim. App. 1983) (observing that the penal code requires Texas courts "to consider sister state and federal convictions—if punishable by confinement in a penitentiary—to be third degree felonies for [enhancement] purposes . . . under subchapter D of Chapter 12"). Section 12.41 provides:

> For purposes of this subchapter, *any* conviction not obtained from a prosecution under this code *shall* be classified as follows:

3

(1) "felony of the third degree" *if imprisonment* in the Texas Department of Criminal Justice *or another penitentiary* is affixed to the offense as a *possible* punishment;

(2) "Class B misdemeanor" if the offense is not a felony *and* confinement in a jail is affixed to the offense as a possible punishment;

(3) "Class C misdemeanor" if the offense is punishable by fine only.

Tex. Penal Code Ann. § 12.41 (West 2011) (emphasis added).

The parties agree that several years ago Appellee was convicted in Iowa for an offense that the law of that state classifies as an "aggravated misdemeanor" and that aggravated misdemeanors in Iowa carry a possible punishment of two years' confinement in a penitentiary. *Richardson*, 383 S.W.3d at 545. Given these facts, we can quickly rule out subsection (3) of section 12.41 as inapplicable because Appellee was punished by 45 days' confinement in jail. That leaves subsections (1) and (2).

Appellee argues that subsection (2) applies because Iowa designated the offense as a misdemeanor and because he was punished for it by confinement in a jail. By Appellee's reasoning, if an offense resulted in actual confinement in jail, then confinement in jail was a possible punishment, and if one state calls it a misdemeanor, it cannot be a felony for enhancement purposes in another. Therefore, Appellee concludes, subsection (2), not subsection (1), applies.

There is no dispute that actual jail confinement proves the possibility of jail confinement. But does it necessarily follow that what Iowa classifies as a

4

misdemeanor is not a felony in Texas for enhancement purposes under section 12.41? Is Appellee correct that subsection (1) does not apply? The Iowa offense, for which Appellee was actually punished by confinement in a county jail in that state, as both sides agree and the trial court found, carried a *possible* punishment of two years in an Iowa penitentiary. Therefore, on its face subsection (1) applies at least to the extent that imprisonment in another (not Texas) penitentiary was affixed to the offense as a possible punishment.

Without citing any authority, Appellee and the trial court seemed to accept as a given that because the citizens of another state, acting through their legislature, have designated the offense he committed in their state a "misdemeanor," that we in Texas must follow that designation in applying our own laws relating to the effect that offense may have on enhancing the permissible punishment for an offense he committed here.

Absent binding authority, we do not accept the premise, however, that citizens of another state may dictate how offenses committed in that state affect the punishment that applies for offenses committed in this one. We think our role is more appropriately directed to applying the laws of our own state, particularly, where, as demonstrated below in the case before us, resorting to the plain language of the applicable laws of our own state can resolve the issue.

The State argues that the trial court did not follow the laws of our state because it disregarded our penal code's definition of felony. Under section 1.07(23) of the Texas Penal Code, a felony is "an offense so designated by law

5

or punishable by death or confinement in a penitentiary." Tex. Penal Code Ann. § 1.07(23). By its plain language, that definition applies to Appellee's Iowa offense because, although Appellee was actually punished by confinement in jail, as both sides agree, the offense he committed was punishable by confinement in a penitentiary.

But Appellee urges that we should also consider subsection (31) of penal code section 1.07, which defines a misdemeanor as "an offense so designated by law or punishable by fine, by confinement in jail, or by both fine and confinement in jail." *Id.* § 1.07(31). The parties agree that the offense for which Appellee was previously convicted has been classified by Iowa statutory law as an "aggravated misdemeanor." But for purposes of Texas law, does that mean it has been "designated by law" as a misdemeanor? Under the pertinent portion of penal code section 1.07(30), "law" means "a statute of this state or of the United States." *Id.* § 1.07(30). The penal code does not specifically define the term "the United States" but the Code Construction Act distinguishes "State" from "United States." *Compare* Tex. Gov't Code Ann. § 311.005(7) (West 2013) ("State"), *with id.* § 311.005(9) (West 2013) ("United States").[2] Applying these definitions to "designated by law," the phrase appears to apply only to laws of our state and the federal government and not to those of another state. Therefore, despite the

---

[2]Section 12.42 of the penal code specifically uses the term "another state" as opposed to "the United States" when referring to convictions from other states. *See, e.g.*, Tex. Penal Code Ann. §§ 12.42(c)(2)(B)(v) ("under the laws of another state").

parties' agreeing that Iowa has designated Appellee's prior offense as a misdemeanor, that does not appear to mean for purposes of section 1.07 of our penal code that the offense has been "designated by law" as a misdemeanor.

But let us examine the remainder of subsection (31) to determine whether Appellee's prior offense meets the definition of misdemeanor under this provision. Was the offense punishable by confinement in jail? Again, because Appellee was actually punished by confinement in jail, the offense was punishable by confinement in jail. Therefore, as with subsection (23), the plain language of subsection (31) also applies to Appellee's prior offense committed in Iowa. In this sense, Appellee is correct when he says that the two subsections "have some overlap." But he is not correct when he concludes that if his offense meets section 1.07's definition of "misdemeanor" that it could not also meet that of "felony." As we have seen, the "aggravated misdemeanor" in Iowa meets the definitions of both "felony" and "misdemeanor" in Texas. Under section 1.07 of our penal code, at least, Appellee's prior offense was *both* a felony *and* a misdemeanor.

Returning to section 12.41 and remembering that the plain language of that statute mandates that convictions obtained from prosecutions elsewhere (such as in Iowa) *shall be classified* as set forth in the statute, we examine more closely Appellee's position that subsection (2) and not subsection (1) applies. Subsection (1) provides that a conviction from a foreign jurisdiction is to be classified as a "felony of the third degree" *if imprisonment* in . . . [*a*] *penitentiary* is

7

affixed to the offense as a *possible* punishment. Tex. Penal Code Ann. §12.41(1). We have already seen that subsection (1) applies to Appellee's prior Iowa conviction because imprisonment in a penitentiary was a possible punishment. But, as with subsections (23) and (31) of section 1.07, do both subsections apply? Subsection (2) provides that a conviction from a foreign jurisdiction is to be classified as a "misdemeanor" if the offense is *not a felony and* confinement in a jail is affixed as a possible punishment. *Id.* § 12.41(2). We have resolved that the prior conviction carried confinement in jail as a possible punishment; therefore, that phrase of subsection (2) applies. But does all of it? Was the offense also not a felony? We may assume it was not a felony under Iowa law because it was an aggravated misdemeanor, but as discussed above, under our penal code section 1.07's definitions of felony and misdemeanor, a similar assumption does not apply.[3] We can, however, settle the issue by applying the plain language of section 12.41 because there is one and only one subsection that fits. The other two do not.

We exclude subsection (3) because the offense was not punishable by a fine only. But we must also rule out subsection (2) because it requires that the prior offense *is not a felony*, and as we have discussed, under section 1.07, the

---

[3]We reject Appellee's invitation to ignore the penal code in effect at the time the State relied upon it to charge Appellee in the instant case and to rely instead on the classification Texas may have given the offense had he committed it here at the time he committed it in Iowa. The plain language of section 12.41 provides no authority for comparing offenses across state lines and decades of time.

prior offense is *both* a misdemeanor *and a felony*. There is no similar prohibition in subsection (1) regarding misdemeanors; that is, the subsection does not state "must not be a misdemeanor." The only requirement of subsection (1) is that imprisonment in a penitentiary is affixed to the offense as a possible punishment. Therefore, we hold that the plain language of subsection (1) applies.

But does that plain language lead to absurd results? *See Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991) (establishing the "plain language" approach that limits consideration to the text of the statute unless it leads to absurd results that the legislature could not possibly have intended). Other states with statutory enhancement provisions similar to section 12.41 have identified a non-absurd rationale for permitting an out-of-state misdemeanor conviction to be classified as a prior felony for punishment enhancement purposes. *See, e.g.*, *Jones v. State*, 23 A.3d 880, 882 (Md. 2011); *State v. Moya*, 161 P.3d 862, 864–65 (N.M. 2007). That is, some states do not classify offenses as felonies or misdemeanors at all; in some states, offenses are classified by classes or degrees, and punishment is based on that classification. *See Moya*, 161 P.3d at 865–66 (surveying other jurisdictions, including the federal system, the fifty states and Puerto Rico).

Appellee suggests that interpreting section 12.41 as we have will lead to the "absurd result" of an offense's characterization as a felony for enhancement purposes but not as a felony for other purposes, such as whether he could be considered a felon under other statutes. *See* Tex. Penal Code Ann. § 46.04

9

(West 2011) (possessing firearm by felon); Tex. Elec. Code Ann. § 11.002(a)(4) (West Supp. 2013) (voting); Tex. Code Crim. Proc. Ann. art. 37.07 (West Supp. 2013) (community supervision eligibility), art. 42.12, § 4(e) (West Supp. 2013) (same). How offenses are treated for enhancement purposes in Texas is a distinct issue from any that may be presented by application of other statutes, such as those that are listed here. Appellee has not persuaded us with argument or cited authorities that our application of the plain language in this case leads to a result that is "absurd." Moreover, by focusing on the punishment available for an offense committed in the state in which it was committed, section 12.41 avoids the absurdity of entangling every state's offense classification nomenclature in the determination of how to punish an offense committed in Texas.

Because the plain language of the statute cleanly resolves this issue and does not lead to absurd results, we hold that the trial court erred by disregarding it. Accordingly, we sustain the State's issue. The order quashing the indictment is reversed and we remand the case to the trial court for further proceedings consistent with this opinion.

## Conclusion

Having sustained the State's issue, we reverse the trial court's order quashing the indictment and remand to the trial court for proceedings consistent with this opinion.

/s/ Anne Gardner

ANNE GARDNER
JUSTICE

PANEL:  GARDNER, WALKER, and GABRIEL, JJ.

GABRIEL, J., concurs without opinion.

PUBLISH

DELIVERED: June 5, 2014

11