

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

**NO. 02-15-00271-CR**
**NO. 02-15-00272-CR**

STEWART LE RICHARDSON A/K/A
STEWART L. RICHARDSON

APPELLANT

V.

THE STATE OF TEXAS

STATE

----------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NOS. 1148118D, 1162224R

----------

## MEMORANDUM OPINION[1]

----------

## I. INTRODUCTION

These two appeals arose from an alcohol-related car accident in February
2009. Appellant Stewart Le Richardson a/k/a Stewart L. Richardson was driving
a truck that was elevated for off-road use. As Richardson approached a red light,

---

[1]*See* Tex. R. App. P. 47.4.

he failed to slow down and drove the truck up, over, and on top of the rear end of a car stopped at the light. The truck crushed the car, causing numerous injuries to a family of four inside. The driver and the two backseat passengers were injured. One of the backseat passengers was a two-year-old boy who ultimately died six years later as a result of the massive brain trauma he sustained in the accident. Richardson pleaded guilty to driving while intoxicated, felony repetition (the felony DWI case or appeal)[2] and to one count of aggravated assault causing serious bodily injury and three counts of aggravated assault with a deadly weapon, to–wit: a motor vehicle (the aggravated assault case or appeal).[3] *See* Tex. Penal Code Ann. § 22.02(a)(1), (2) (West 2011), § 49.09 (West Supp. 2016).

Richardson raises one issue in his felony DWI appeal asserting that he was denied a speedy trial. He raises two issues in his aggravated assault appeal—one asserting that he was denied a speedy trial and one asserting that the trial court abused its discretion by denying his motion to quash enhancement allegations based on Iowa convictions classified as aggravated misdemeanors in Iowa that were used as felony enhancements, purportedly in violation of the Full Faith and Credit Clause. The State raises cross points challenging our jurisdiction over Richardson's felony DWI appeal based on written waivers signed

---

[2]Our cause number 02-15-00271-CR.

[3]Our cause number 02-15-00272-CR.

by Richardson in connection with his plea in the felony DWI case and claiming that, in the aggravated assault appeal, after pleading guilty, Richardson sought and obtained the trial court's permission to appeal only his full-faith-and-credit issue. Because Richardson waived his right to appeal his felony DWI conviction, we will dismiss that appeal. Because, in the aggravated assault appeal, Richardson obtained the trial court's permission to appeal only the denial of his motion to quash the enhancements—not the denial of his speedy trial motion, and because the Full Faith and Credit Clause does not bar the use of Richardson's Iowa convictions for enhancement purposes in Texas, we will affirm the four aggravated assault convictions.

## II. PROCEDURAL BACKGROUND

### A. The Indictments

After the accident, two indictments were returned against Richardson.[4] He was indicted in one case for felony DWI, alleging a repeat-offender notice for two prior convictions from Iowa for "operating under the influence unintentionally causing serious injury."

Richardson was also indicted in a separate case for four counts of intoxication assault, four counts of aggravated assault causing serious bodily injury, and four counts of aggravated assault causing bodily injury with a deadly

---

[4]Within approximately one month of the accident, Richardson filed pretrial motions asserting constitutional and statutory speedy-trial rights. The trial court never held a hearing on or signed an order ruling on these speedy-trial motions and was never asked to do so.

3

weapon. The indictment also alleged a repeat-offender notice for three prior convictions from Iowa for "operating under the influence unintentionally causing serious injury."

### B. Richardson's Guilty Plea in the Felony DWI Case

In January 2010, Richardson, along with his counsel, executed written plea admonishments in the felony DWI case. Richardson pleaded guilty to felony DWI based on an agreement with the State that the sentence imposed by the trial court in the felony DWI case would not exceed, and would run concurrently with, whatever sentence was ultimately assessed in the aggravated assault case. In exchange for Richardson's guilty plea in the felony DWI case, the State also agreed to waive the four counts of intoxication assault alleged in the indictment in the aggravated assault case. The trial court found Richardson guilty in the felony DWI case based on his plea of guilt and his judicial confession, which was contained in the written plea admonishments, and carried the punishment trial of the felony DWI case so that it could be conducted concurrently with the trial on the merits and the punishment trial in the aggravated assault case, which was set for February 8, 2010.

### C. Richardson's Motion to Quash in the Aggravated Assault Case

Three days before trial was set in the aggravated assault case, Richardson filed a motion to quash the enhancement allegations in the aggravated assault indictment, claiming that the Iowa convictions were for aggravated misdemeanors and were therefore ineligible for use as felonies for enhancement

4

purposes. The trial court granted Richardson's motion to quash, ordered that the State could not use the Iowa convictions as felony enhancements, and ordered the State to not refer to the Iowa convictions as prior felony convictions.

### D. The State's Interlocutory Appeal

After the trial court granted Richardson's motion to quash in the aggravated assault case, the State perfected an interlocutory appeal in February 2010.[5] This court dismissed the State's interlocutory appeal for want of jurisdiction, holding that no appeal was authorized under article 44.01(a)(1) of the code of criminal procedure. *See State v. Richardson*, 353 S.W.3d 918, 919, 929 (Tex. App.—Fort Worth 2011) (*Richardson I*), *rev'd*, 383 S.W.3d 544 (Tex. Crim. App. 2012) (*Richardson II*). The State petitioned for review from the Texas Court of Criminal Appeals. The court of criminal appeals granted the State's petition, determined that this court did possess jurisdiction over the State's appeal, reversed this court's judgment, and remanded the State's appeal to us. *Richardson II*, 383 S.W.3d at 550. On remand, this court analyzed Richardson's Iowa convictions under Texas Penal Code section 12.41 and held that in Texas they are classified as third-degree felonies, so they may be used for enhancement purposes in Texas. *See* Tex. Penal Code Ann. § 12.41 (West

---

[5]The State's interlocutory appeal in the aggravated assault case automatically stayed proceedings in that case. *See* Tex. Code Crim. Proc. Ann. art. 44.01(e) (West Supp. 2016). Because Richardson's negotiated plea in his felony DWI case limited sentencing in that case to whatever sentence was ultimately imposed in the aggravated assault case, the interlocutory appeal likewise delayed final disposition of Richardson's felony DWI case.

2011); *State v. Richardson*, 439 S.W.3d 403, 406–07 (Tex. App.—Fort Worth 2014, pet. ref'd) (*Richardson III*).  We reversed the trial court's order quashing the enhancement paragraphs of the indictment and remanded the aggravated assault case to the trial court.  *Richardson III*, 439 S.W.3d at 407.

Following the issuance of our opinion, Richardson sought rehearing, which was denied.  Richardson then filed a petition for discretionary review with the court of criminal appeals, which was refused.  The court of criminal appeals also rejected Richardson's subsequent motion for rehearing of the denial of discretionary review.  Richardson moved to stay the issuance of this court's mandate for three months while he filed a petition for writ of certiorari.  Richardson ultimately did not file a petition for writ of certiorari, and mandate issued in March 2015.  Jurisdiction in the aggravated assault case was thus returned to the trial court five years after the State's interlocutory appeal was initiated.

### E. Richardson's Pretrial Motions and Guilty Pleas in the Aggravated Assault Case

After jurisdiction was returned to the trial court, Richardson filed a motion to dismiss for failure to provide a speedy trial in the aggravated assault case,[6] arguing that he was denied a speedy trial as a result of the lengthy appellate proceedings.  The trial court held a hearing on Richardson's speedy-trial motion and orally denied the motion.

---

[6]Richardson simultaneously filed this motion in his felony DWI case.

6

Two months later, at the outset of the plea hearing in the aggravated assault case, after the trial court stated that Richardson would be entering guilty pleas, Richardson renewed his speedy-trial motion based on appellate delay. The trial court again orally denied the motion.

The trial court also heard Richardson's newly-filed motion to quash the enhancement allegations, which argued that the trial court must treat his Iowa convictions as misdemeanors pursuant to the Full Faith and Credit Clause of the United States Constitution and pursuant to the rule of lenity.[7] The trial court denied the motion. Richardson's counsel then sought the trial court's permission to appeal the ruling on the motion to quash "if [Richardson] desires to appeal his case." The trial court orally granted Richardson permission to appeal that sole issue.

Richardson executed written plea admonishments related to each of the four counts of aggravated assault and entered an open plea of guilty to each of the four counts, a plea of not true to the enhancement counts, and a plea of true to the deadly-weapon notice. The trial court accepted Richardson's pleas. At the conclusion of the plea hearing, the judge met with the parties in chambers to discuss scheduling the punishment trial.

---

[7]On appeal, Richardson does not raise any argument concerning the rule of lenity.

7

## F. Sentencing for Both Cases in the Trial Court

At the outset of the punishment trial, Richardson re-urged his motion to dismiss for failure to grant a speedy trial and his motion to quash the enhancement allegations based on his full-faith-and-credit argument. The trial court again orally denied the motions. After a three-day punishment trial, the trial court pronounced sentence. In Richardson's felony DWI case, the trial court found the repeat-offender and the deadly-weapon notices to be true and sentenced Richardson to twenty years' confinement. In the aggravated assault case, the trial court also found the repeat-offender and the deadly-weapon notices to be true and sentenced Richardson to fifty years' confinement. In accordance with Richardson's plea agreement in the felony DWI case, the trial court ordered the sentences to run concurrently.

## G. The Trial Court's Certifications and Richardson's Appeals

Right after pronouncing the sentence in the aggravated assault case, the trial court stated, "You have the right to appeal my decision." The trial court certified that Richardson had the right to appeal in both cases.[8] Richardson perfected an appeal in both cases.

---

[8]The trial court signed one certification that listed the cause numbers for both the felony DWI case and the aggravated assault case. The trial court checked the following two statements without specifying the cause number to which each statement corresponded:

I, Judge of the trial court, certify this criminal case:

### III. THE WAIVERS RICHARDSON SIGNED LIMITED HIS RIGHT TO APPEAL

Before addressing Richardson's issues, we must first address the State's cross points challenging our jurisdiction over these appeals based on the waivers Richardson signed.[9]

### A. The Law on Waiver of the Right of Appeal

An appellant "in a criminal prosecution for any offense may waive any rights secured him by law, including the right to appeal written, pretrial motions. Tex. Code Crim. Proc. Ann. art. 1.14(a) (West 2005). A valid waiver of the right of appeal is one that was made voluntarily, knowingly, and intelligently. *Monreal v. State*, 99 S.W.3d 615, 617 (Tex. Crim. App. 2003). In determining whether a defendant has validly waived his right of appeal pursuant to a plea agreement, we look to the written agreement, as well as to the formal record, to determine

---

\_X\_ is not a plea bargain case, and the defendant has the right of appeal.

\_X\_ is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial and not withdrawn or waived, and the defendant has the right of appeal.

The first statement that is checked appears to correspond with the aggravated assault case while the second statement that is checked appears to correspond with the felony DWI case. Another option on the certification of appeal form included a statement indicating that this "is a plea-bargain case, but the trial court has given permission to appeal, and the defendant has the right of appeal"; the trial court did not mark that statement.

[9]Prior to submission, we requested that Richardson file a letter brief solely addressing the jurisdiction arguments raised by the State in its cross points. Richardson's appointed appellate counsel complied with our request.

9

the terms of the agreement. *Ex parte De Leon*, 400 S.W.3d 83, 89 (Tex. Crim. App. 2013). Presentence waivers of the right to appeal have been upheld when the record showed that the defendant received consideration for his waiver pursuant to a plea agreement. *Jones v. State*, 488 S.W.3d 801, 805, 807 (Tex. Crim. App. 2016); *Ex parte Broadway*, 301 S.W.3d 694, 698 (Tex. Crim. App. 2009). Conversely, presentence waivers of the right to appeal when there is no plea agreement as to punishment are not knowing and intelligent as to the punishment phase of trial and do not bar appeals from the sentence imposed. *See Ex parte Delaney*, 207 S.W.3d 794, 799–800 (Tex. Crim. App. 2006).

### B. Richardson's Negotiated Plea Waived His Right to Appeal from His Felony DWI Conviction

In its first cross point in the felony DWI appeal, the State argues that Richardson's "explicit, affirmative, counseled, albeit non-negotiated waiver[] of appeal" in the felony DWI case is binding and bars appeal without the consent of the trial court. Richardson concedes that there were negotiated aspects to his guilty plea but responds that "[o]nly if the Court finds that the waiver of appeal was knowingly and intelligently made does it lack jurisdiction to hear both issues in the DWI case."

Although there was no specific number-of-years-of-incarceration punishment recommendation in the felony DWI case, "a bargain of a different sort" originated from Richardson's decision to waive his rights to a jury and to an appeal in exchange for the State's agreement to limit the length of the sentence

10

in the felony DWI case to not exceed the length of the sentence assessed in the aggravated assault case, to have the sentences run concurrently, and to dismiss with prejudice the four counts of intoxication assault alleged in the indictment in the aggravated assault case. *See Jones*, 488 S.W.3d at 807; *Broadway*, 301 S.W.3d at 699. The fact that Richardson's plea bargain included a waiver of his right of appeal was not verbally mentioned on the record at the plea proceeding, but the documents in the record signed by Richardson, by his attorney, and by the trial court demonstrate that Richardson's waiver of his right of appeal in the felony DWI case was part of his plea agreement, that he received consideration for it, and that his waiver of his right to appeal was made voluntarily, knowingly, and intelligently. *See Jones*, 488 S.W.3d at 807; *Broadway*, 301 S.W.3d at 699. The record affirmatively demonstrates that in conjunction with his guilty plea, Richardson signed written waivers waiving his right to appeal and stating that he fully understood each of the written plea admonishments and was aware of the consequences of his plea. Richardson's attorney signed the document and certified that Richardson "has intelligently, knowingly, and voluntarily waived his rights and will enter a guilty plea understanding the consequences thereof." The trial court also signed the written plea admonishments after the paragraph stating: "[T]he Court finds that the Defendant is mentally competent and that his plea is intelligently, freely[,] and voluntarily entered." Because the trial court accepted the plea-bargain agreement, the waiver of the right of appeal in the felony DWI case was binding on Richardson. *See Jones*, 488 S.W.3d at 807–08

11

(upholding waiver even though case was not a "plea-bargain case" as that term is used in rule 25.2).

In the letter brief Richardson filed at our request in response to the State's cross points, he asserts that he raised his speedy-trial issue prior to the punishment hearing in the felony DWI case and argues that this court has jurisdiction to hear matters that arose during or after his open plea of guilty. But, as discussed above, Richardson's plea was not an open plea because he received consideration—an agreement that the maximum sentence that he would receive in the felony DWI case would be capped at whatever sentence was assessed in the aggravated assault case, the State's abandonment of four counts of intoxication assault in the aggravated assault case, and concurrent sentences—in exchange for his guilty plea and his waiver of his right to appeal. *See id.* at 807.[10] Richardson does not argue, and the record does not demonstrate, that the trial court gave Richardson permission to appeal his speedy-trial issue in the felony DWI case. Because the record before us shows that the State gave consideration for Richardson's waiver of his right to appeal in the felony DWI case and that no consent to appeal the speedy-trial issue was given, the parties' agreement must be enforced on appeal. *See id.*

---

[10]Moreover, the right to a speedy trial does not apply to a delay in sentencing. *See Betterman v. Montana*, 136 S. Ct. 1609, 1614–15, 1618 (2016) ("The Sixth Amendment speedy trial right, however, does not extend beyond conviction, which terminates the presumption of innocence.").

Richardson also contends in his letter brief that the trial court gave him permission to appeal the full-faith-and-credit issue and that the trial court's "permission applied equally to both cases." Richardson, however, did not file a motion in his felony DWI case seeking to have his Iowa convictions receive full faith and credit. And the plea hearing at which the trial court gave Richardson permission to appeal the full-faith-and-credit issue was dedicated solely to taking Richardson's plea on the four counts of aggravated assault.

Because the record demonstrates that Richardson validly waived his right to appeal in his felony DWI case and did not receive the trial court's permission to appeal in that case, we must enforce the parties' agreement. We hold that Richardson is barred from appealing his felony DWI conviction.[11] *See id.* at 807–08; *Marsh v. State*, 444 S.W.3d 654, 660 (Tex. Crim. App. 2014) (holding that

---

[11]In its third cross point, the State argues that the certification of appeal in the felony DWI case "is mistaken" and should reflect that the case was plea-bargained, but no right to appeal remained. We agree that the trial court's certification is defective. *See Dears v.* State, 154 S.W.3d 610, 614 (Tex. Crim. App. 2005) (holding certification that is correct in form but which, when compared with the record before the court, proves to be inaccurate constitutes a defective certification). However, in light of the tortuous procedural history and Richardson's concession that there were negotiated aspects of his guilty plea in his felony DWI case, we decline to abate the felony DWI appeal for a corrected certification. *See id.* at 614–15 (reasoning that appellate court has ability to examine certification for defectiveness and use rules 37.1 and 34.5(c) to obtain another certification "whenever appropriate"); *Sherwood v. State*, 340 S.W.3d 929, 932 (Tex. App.—El Paso 2011, no pet.) ("Because we have concluded that Appellant waived his right to appeal, we do not need to waste further resources by ordering the trial court to correct the certification."). *See generally Homan v. Hughes*, 708 S.W.2d 449, 454 (Tex. Crim. App. 1986) (stating that the law does not compel us to require courts to perform useless tasks).

because the record showed that defendant had validly waived right to appeal as part of plea bargain, purported appeal must be dismissed). We sustain the State's first cross point.[12]

## C. Richardson Obtained Permission to Appeal Only His Full-Faith-and-Credit Issue in His Aggravated Assault Appeal

In its first and second cross points in the aggravated assault appeal, the State argues that Richardson waived his right to appeal pretrial rulings in the aggravated assault case and did not obtain the trial court's consent to appeal his speedy-trial issue. Richardson appears to argue that he is entitled to appeal the ruling on his motion to dismiss for lack of a speedy trial in the aggravated assault appeal because he raised the motion and obtained a ruling before he entered his open plea.[13]

Unlike the felony DWI case, the State gave no consideration in exchange for Richardson's guilty pleas in the aggravated assault case. Richardson's guilty

---

[12]Because the State's first cross point is dispositive of Richardson's felony DWI appeal, we do not address the State's second cross point or Richardson's two issues in the felony DWI appeal. *See* Tex. R. App. P. 47.1 (stating that appellate court need only address issues necessary for final disposition of appeal).

[13]Richardson concedes in two places in his letter brief that his speedy-trial motion was ruled on prior to his plea in the aggravated assault case. Richardson does not argue on appeal that by renewing his speedy-trial motion at the beginning of the punishment hearing that he can now raise it on appeal in the absence of the trial court's consent. Moreover, to the extent Richardson re-urged his speedy trial motion at sentencing to complain of the delay in sentencing, the right to a speedy trial does not apply to a delay in sentencing. *See Betterman*, 136 S. Ct. at 1614–15, 1618.

14

pleas to the four counts of aggravated assault were therefore not made pursuant to a plea bargain but were instead open pleas of guilt. Richardson's waiver of his right to appeal punishment issues could not be binding because of the potential for future errors and because the punishment was uncertain. *See Delaney*, 207 S.W.3d at 799. Based on these facts, Richardson's waiver of his right of appeal was not knowingly and intelligently made concerning the punishment phase of his aggravated assault case and therefore does not bar him from appealing from the punishment phase of his aggravated assault case. *See id.* at 798–800 (holding presentence waiver was not knowing and intelligent concerning punishment phase of trial); *Tufele v. State*, 130 S.W.3d 267, 270 (Tex. App.— Houston [14th Dist.] 2004, no pet.) (holding that presentencing waiver did not prevent appeals from punishment phase of trial because without a sentencing recommendation, waiver's consequences could not be known and appellant neither bargained for sentencing recommendation nor waived his right to appeal after sentencing).

But Richardson raises no issues or arguments on appeal related to the punishment phase of his aggravated assault case. Both of the issues he raises in the aggravated assault appeal challenge the trial court's rulings on pretrial motions. The waivers of the right to appeal that Richardson signed in conjunction with his open pleas of guilt to each of the four counts of aggravated assault foreclosed his right to appeal all pretrial motions. *See Walker v. State*, No. 02-05-00283-CR, 2006 WL 1653308, at *1–2 (Tex. App.—Fort Worth June

15

15, 2006, no pet.) (mem. op., not designated for publication) (stating that appellant, who entered open plea of guilty, waived right to appeal all pretrial motions by virtue of the written plea admonishments he signed in connection with his guilty plea); *Ketchum v. State*, No. 01-95-00394-CR, 1996 WL 349460, at *2 (Tex. App.—Houston [1st Dist.] June 27, 1996, no pet.) (not designated for publication) (holding that speedy-trial violation is a nonjurisdictional defect waived by open plea). Moreover, Richardson's waivers of his right to appeal all pretrial motions were knowingly and intelligently made because at the time of his open pleas of guilt, he was aware of what had occurred pretrial. *See Ex parte Reedy*, 282 S.W.3d 492, 498 (Tex. Crim. App. 2009) (stating that "waiver will be knowingly and intelligently made only under circumstances in which, and to the extent that, he is aware of what has occurred in the trial proceedings").

Because Richardson signed written waivers of his right to appeal in connection with his open pleas of guilt, he may appeal the rulings on his pretrial motions in the aggravated assault appeal only if he obtained the trial court's permission. *See, e.g., Thomas v. State*, 408 S.W.3d 877, 879–80 & n.6 (Tex. Crim. App. 2013) (setting forth procedural background showing that appellant, who had pleaded guilty without a sentencing recommendation and had signed general plea-admonishment form with boilerplate language waiving right to appeal, received trial court's permission to appeal ruling on pretrial motion to suppress). Richardson does not point us to, and we have not located, any place in the record showing that he obtained the trial court's permission to appeal the

speedy-trial issue in his aggravated assault appeal. We are therefore constrained to hold that Richardson forfeited his right to appeal his speedy-trial issue in the aggravated assault appeal. Accordingly, we sustain the State's first and second cross points.[14]

In its third cross point, the State concedes that Richardson's second issue in his aggravated assault appeal is properly before us because Richardson did obtain the trial court's express permission to appeal this pretrial issue. Specifically, the State concedes that the trial court granted Richardson permission to appeal the denial of his motion to quash that asserted his Iowa convictions should be given full faith and credit as misdemeanors only. We agree. *See id.* at 879–80; *see also De Leon*, 400 S.W.3d at 89 ("[W]e find it clear that the waiver of appeal was not intended to override the trial court's permission to appeal."); *Willis v. State*, 121 S.W.3d 400, 402–03 (Tex. Crim. App. 2003) (allowing appellant to appeal despite boilerplate waiver because trial court consented on record to appeal by defendant); *Alzarka v. State*, 90 S.W.3d 321, 324 (Tex. Crim. App. 2002) (concluding that record directly contradicted and rebutted any presumption raised by terms of boilerplate plea form signed by appellant and reflected that appellant did not waive appeal). Accordingly, we

---

[14]In its fourth cross point, the State argues that the trial court's certification is defective. We agree, but as we noted above in the felony DWI appeal, we decline to abate the aggravated assault appeal for a corrected certification. *See Dears*, 154 S.W.3d. at 614–15; *Sherwood*, 340 S.W.3d at 932. *See generally Homan*, 708 S.W.2d at 454.

17

analyze Richardson's full-faith-and-credit issue as it relates to his appeal of his aggravated assault convictions.

## IV.  THE FULL FAITH AND CREDIT CLAUSE DOES NOT COMPEL TEXAS TO TREAT RICHARDSON'S IOWA CONVICTIONS AS MISDEMEANORS

In his second issue, Richardson argues that the trial court erred by denying his motion to quash the enhancement counts in the aggravated assault case based upon the Full Faith and Credit Clause of the United States Constitution. Richardson concedes that this court has previously ruled in this case that Texas law requires that his Iowa convictions be treated as third-degree felonies under penal code section 12.41.  *See Richardson III*, 439 S.W.3d at 406–07. Richardson, however, argues that this court did not previously consider whether Texas law—through the operation of penal code section 12.41—violates the Full Faith and Credit Clause of the United States Constitution by not giving effect to the judicial proceedings of the Iowa court.  *See* Tex. Penal Code Ann. § 12.41 (setting forth criteria for determining whether a conviction obtained outside Texas is a third-degree felony, a Class B misdemeanor, or a Class C misdemeanor). Without citing any authority, Richardson contends that because the Full Faith and Credit Clause requires Texas to honor the judicial proceedings of Iowa, classifying his Iowa convictions as felonies violates the United States Constitution.

On its face, the Full Faith and Credit Clause requires that "full faith and credit" be given by each state to the "public acts" (i.e., laws) of every other state.

18

*See* U.S. Const. art. IV, §1; *Nevada v. Hall*, 440 U.S. 410, 421, 99 S. Ct. 1182, 1188 (1979); *Davidson v. State*, 25 S.W.3d 183, 185 (Tex. Crim. App. 2000). However, neither the United States Supreme Court nor the Texas Court of Criminal Appeals has recognized a rigid enforcement requirement of the Full Faith and Credit Clause in criminal matters. *See Nelson v. George*, 399 U.S. 224, 229, 90 S. Ct. 1963, 1966 (1970) (holding state not required to enforce penal judgment of sister state); *Huntington v. Attrill*, 146 U.S. 657, 686, 13 S. Ct. 224, 235 (1892) (suggesting that state cannot enforce penal judgment of another state, including one for a monetary penalty); *Davidson*, 25 S.W.3d at 185 (stating that "there is no constitutional requirement that a State yield to the law and statutes of another state in all circumstances"). As the Supreme Court has stated, "A rigid and literal enforcement of the full faith and credit clause, without regard to the statute of the forum, would lead to the absurd result that, wherever the conflict arises, the statute of each state must be enforced in the courts of the other, but cannot be in its own."[15] *Alaska Packers Ass'n v. Indus. Accident Comm'n of California*, 294 U.S. 532, 547, 55 S. Ct. 518, 523 (1935).

Generally, a weighing of various conflicting interests determines whether the law of another state is applicable in the forum state. *Davidson*, 25 S.W.3d at 185 (citing *Sun Oil Co. v. Wortman*, 486 U.S. 717, 730–34, 108 S. Ct. 2117,

---

[15]Richardson acknowledges that we are not required to enforce or execute the penal judgments of another state but argues that we are not being asked to do that but are instead being asked to give full faith and credit to the Iowa judgment. In this scenario, that is a distinction without a difference.

19

2126–28 (1988); *Hughes v. Fetter*, 341 U.S. 609, 611, 71 S. Ct. 980, 982 (1951)). One of the basic tenets of conflict-of-law resolution, however, is that "[a] court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law." *See* Restatement (Second) of Conflict of Laws § 6 (1971); *id.* § 122 ("A court usually applies its own local law rules prescribing how litigation shall be conducted even when it applies the local law rules of another state to resolve other issues in the case."); *see also Vega v. State*, 84 S.W.3d 613, 616 (Tex. Crim. App. 2002) (stating that issues that are strictly procedural in nature are governed by the laws of the forum state).

Here, we need not engage in a weighing of the public policy behind Iowa's punishment scheme versus the public policy behind Texas's punishment scheme because "the [Texas] Legislature [has] enacted a statute to deal specifically with the classification for enhancement purposes of convictions obtained outside the [Texas] Penal Code."[16] *See Ex parte Blume*, 618 S.W.2d 373, 376 (Tex. Crim. App. 1981). As set forth in our prior decision, Texas Penal Code section 12.41 is the statutory directive that governs whether Richardson's Iowa convictions may be used for enhancement purposes in Texas. *See* Tex. Penal Code Ann. § 12.41; *Richardson III*, 439 S.W.3d at 407. Section 12.41 focuses on the punishment range available for an offense committed in the state in which it was

---

[16]Moreover, Richardson did not discuss the public policy behind the Iowa nomenclature, nor did he provide any analysis weighing the public policy concerns.

20

committed, rather than entangling every state's offense classification nomenclature in the determination of how to classify an out-of-state conviction. *See* Tex. Penal Code Ann. § 12.41; *Richardson III*, 439 S.W.3d at 407; *see, e.g.*, *Blume*, 618 S.W.2d at 374, 376 (holding conviction for federal offense, which would not be a felony under Texas law, could be used to enhance sentence); *Alvarado v. State*, 596 S.W.2d 904, 906 (Tex. Crim. App. [Panel Op.] 1980) (concluding that felony conviction under former penal code section could be used for enhancement even though crime was not a felony under new penal code section); *Dotson v. State*, 28 S.W.3d 53, 56–57 (Tex. App.—Texarkana 2000, pet. ref'd) (holding that a Louisiana felony theft conviction could be used for enhancement although the crime would have qualified only as a Class B misdemeanor in Texas); *see also Ricketts v. State*, No. 02-13-00204-CR, 2014 WL 4364052, at *5 n.12 (Tex. App.—Fort Worth Sept. 4, 2014, pet. ref'd) (declining to reach issue of whether appellant could have succeeded on his equal protection claim if he had proved that he was similarly situated with Texas state jail-felony convicts but noting decisions in *Blume*, *Alvarado*, and *Dotson*).  The plain language of section 12.41 leaves no doubt that the legislature intended to make federal or out-of-state convictions that provide a possible punishment of imprisonment in the Texas Department of Criminal Justice "or another penitentiary"—like Richardson's Iowa convictions—third-degree felonies that may be used for enhancement purposes.  *See* Tex. Penal Code Ann. § 12.41; *Blume*, 618 S.W.2d at 376.

Because the Texas Legislature has enacted a specific statute to classify for enhancement purposes any conviction obtained outside the Texas Penal Code and because we have previously applied that statute to the Iowa convictions at issue here and have determined that the convictions are third-degree felonies for purposes of enhancement in Texas, we decline to extend full faith and credit to Iowa's classification nomenclature. *See* Tex. Penal Code Ann. § 12.41; *Davidson*, 25 S.W.3d at 186 (declining to give full faith and credit to Montana law allowing oral statements from an accused that were made as result of custodial interrogation and were not electronically recorded because such statements were not in compliance with Texas statute's specific conditions governing admissibility of such statements). Accordingly, we overrule Richardson's second issue.

## V. CONCLUSION

Having sustained the State's first cross point in the felony DWI appeal, we dismiss Richardson's felony DWI appeal (cause number 02-15-00271-CR). Having overruled Richardson's second issue in the aggravated assault appeal— the only issue properly before us—we affirm the trial court's four judgments in the aggravated assault appeal (cause number 02-15-00272-CR).

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL: LIVINGSTON, C.J.; WALKER, J.; and CHARLES BLEIL (Senior Justice, Retired, Sitting by Assignment).

22

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  November 23, 2016