John Alexander JONES, aka Omawale Kerriem, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–87–314–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 25, 1988.

Michael B. Charlton, Houston, for appellant.

John B. Holmes, Jr., Lynne Parsons, Houston, for appellee.

Before PAUL PRESSLER, DRAUGHN and ELLIS, JJ.

## OPINION

DRAUGHN, Justice.

Appellant was convicted of aggravated robbery. During the punishment phase, appellant pled not true to the enhancement paragraph that alleged he had a prior Maryland conviction for robbery with a dangerous and deadly weapon. The jury found the enhancement paragraph to be true, and sentenced appellant to fifty years confinement in the Texas Department of Corrections. In two points of error, appellant complains of the sufficiency of the evidence to establish the finality of his prior conviction, and asserts that the state did not sufficiently rebut his claim of lack of finality of his prior conviction. We affirm.

As evidence of appellant's prior conviction, the state offered certified copies of appellant's Maryland commitment records. Appellant argues that since the commitment papers authorized by Tex.Code Crim. Proc.Ann. art. 42.03 §§ 3, 4 (Vernon 1978), would be insufficient to establish his conviction under Texas law, we must presume the Maryland law governing commitment orders is the same. However, we are not limited to the record made in the trial court as to law of a sister state. We may take judicial notice of the laws of Maryland. Tex.R.Crim.Evid. 202; *Ex Parte Mason*, 656 S.W.2d 470, 471 (Tex.Crim.App.1983).

Accordingly, the salient question is whether the commitment records are sufficient proof of appellant's conviction under Maryland law.

Although Tex.Code Crim.Proc.Ann. art. 42.01 (Vernon Supp.1988) requires a Texas trial court to enter a written judgment after sentencing, there is no corresponding requirement for the Maryland criminal courts.[1] Md.Code Ann.Rule 4–351 (1988) does require the court clerk to produce commitment records as follows:

"(a) **Content.**—When a person is convicted of an offense and sentenced to imprisonment, the clerk shall deliver to the officer into whose custody the defendant has been placed a commitment record containing:

(1) The name and date of birth of the defendant;

(2) The docket reference of the action and the name of the sentencing judge;

(3) The offense and each count for which the defendant was sentenced;

(4) The sentence for each count, the date the sentence was imposed, the date from which the sentence runs, and any credit allowed to the defendant by law;

(5) A statement whether sentences are to run concurrently or consecutively and, if consecutively, when each term is to begin with reference to termination of the preceding term or to any other outstanding or unserved sentence.

(b) **Effect of Error.**—An omission or error in the commitment record or other failure to comply with this Rule does not invalidate imprisonment after conviction."

■ The commitment records entered into evidence are properly certified records of the state of Maryland, which establish a prima facie showing of each element alleged in the enhancement paragraph. The state presented expert testimony that the fingerprints contained in the commitment records were those of appellant. Additionally, the commitment records contained a picture of the person convicted in Maryland from which the jury could determine whether the records were those of appellant. When the proof of the prior conviction is sufficient on its face, the lack of finality of the conviction becomes a matter of defense, which is subject to proof. *Miller v. State*, 472 S.W.2d 269, 272 (Tex.Crim. App.1971).

■ The only defense evidence of the conviction's lack of finality was the testimony of the defendant. As the trier of fact, the jury was entitled to decide what weight to give to appellant's testimony. We decline to hold that appellant's testimony alone was sufficient to prevent a rational trier of fact from finding each element in the enhancement paragraph beyond a reasonable doubt. Points of error one and two are overruled.

The judgment of the trial court is affirmed.

---

1. While Md.Code Ann.Rule 3–601 (1988), requires that, in civil cases, the court enter a judgment by making a record of it in writing on the file jacket, and requires the clerk to record and index the judgment in the judgment records of the court, there is no criminal counterpart.