Rogelio Moreno LUCIO, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–02–01064–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 16, 2003.

John Paul, Bryan, for appellant.

Douglas Howell, III, Asst. Dist. Atty., Bryan, for appellee.

## OPINION

RADACK, Chief Justice.

A jury convicted appellant, Rogelio Moreno Lucio, of aggravated kidnapping and assessed punishment at 17 years' confinement. In his sole point of error, appellant contends there is legally insufficient evidence to support his conviction. We affirm.

Appellant was charged with aggravated kidnapping—the aggravating element alleged that appellant committed a kidnapping with the intent to facilitate the commission of indecency with a child. In his sole point of error, appellant does not argue that there was legally insufficient evidence that he committed the predicate offense of indecency with a child. Instead, he argues that the evidence is legally insufficient because there was no evidence before the jury that the crime of indecency with a child is a felony.

A person commits the offense of aggravated kidnapping if he "intentionally or knowingly abducts another person with the intent to . . . facilitate the commission of a felony or the flight after the attempt or commission of a felony . . . ." TEX. PEN. CODE ANN. § 20.04 (Vernon 2003). The indictment in this case alleged that appellant did

then and there intentionally and knowingly, with the intent to facilitate the commission of a felony, to-wit: indecency with a child, abduct M.F. by restricting the movements of said M.F. without her consent, so as to interfere substantially with her liberty, by moving her from one place to another, or by confining her with the intent to prevent her liberation by secreting and holding her in a place where she was not likely to be found.

At the charge conference, appellant objected to the court's charge, arguing that there was no evidence that indecency with a child was a felony.

[Defense Counsel]: Judge, we further object to Paragraph 3, the second—to Roman numeral III: "Indecency with a child is a felony." There is no evidence of that, so therefore

[The Court]: That it is a felony?

[Defense Counsel]: There is no evidence of that before the jury.

[The Court]: That's a matter of law, though.

[Defense Counsel]: I'm objecting.

[The Court]: That objection is overruled.

The issue presented by this appeal is whether the State was required to prove that the aggravating offense, i.e., indecency with a child, was a felony. We hold that the State was not required to put on evidence to prove that indecency with a child is a felony. It is true that *whether the appellant committed the crime* of indecency with a child was a question of fact for the jury. Accordingly, the jury was charged on the elements of indecency with a child. However, *whether such crime is a felony* presents a legal issue, not a fact question. Therefore, the trial judge correctly instructed the jury that indecency with a child is a felony, rather than submitting that issue to the jury for a factual determination.

In *Martinez v. State,* 951 S.W.2d 55, 56 (Tex.App.—Corpus Christi 1997, no pet.), the defendant was charged with attempted capital murder—the element elevating the offense from murder to capital murder being that the intended victim was a "peace officer ... who is acting in the lawful discharge of an official duty and who the person knows is a peace officer ...." *See* TEX. PEN. CODE ANN. § 19.03(a)(1) (Vernon 2003). The jury charge instructed the jury that a city patrolman is a peace officer. *Martinez,* 951 S.W.2d at 59. The defendant contended that the charge was a comment on the weight of the evidence, i.e., that the jury, not the judge, should have determined whether a city patrolman is a peace officer. *Id.* The court of appeals disagreed and held that a city patrolman is a peace officer, as a matter of law, by citing the statutory authority defining a peace officer. *Id.*

Similarly, we hold that, as a matter of law, indecency with a child is a felony. *See* TEX. PEN. CODE ANN. § 21.11(d) (Vernon 2003). Because the question of whether indecency with a child is a felony presents a legal issue, not a question of fact, the State was not required to introduce evidence on the issue. As such, the charge to the jury was correct and the evidence is not legally insufficient on that basis.

Accordingly, we overrule appellant's sole issue.

We affirm the judgment.