PRISCILLA R. OWEN, Circuit Judge,
joined by E. GRADY JOLLY, Circuit Judge, concurring:
I concur in the en banc court’s opinion. I write separately because there is an additional, at least equally compelling, basis for concluding that Castillo-Rivera’s prior conviction in 2009 under Texas Penal Code section 31.07(b) for unauthorized use of a motor vehicle constitutes “an offense described in” 18 U.S.C. § 922(g)(1).[1] That basis is that Castillo-Rivera’s prior conviction comes within subsection (1) of 46.04(f), and all predicate offenses defined in subsection (1) of 46.04(f) are “described in” § 922(g)(1), and section 46.04(f) is “divisible.” This is clear when Texas law and the Supreme Court’s jurisprudence regarding “divisible” statutes are examined.
The term “felony,” as used in the Texas felon-in-possession statute, is defined in that statute itself, in subsection (f). Section 46.04 states:
*228 (a) A person who has been convicted of a felony commits an offense if he possesses a firearm: [after conviction within certain parameters]
[[Image here]]
(f) For the purposes of this section, an offense under the laws of this state, another state, or the United States is, except as provided by Subsection (g), a felony if, at the time it is committed, the offense:
(1) is designated by a law of this state as a felony;
(2) contains all the elements of an offense designated by a law of this state as a felony; or
(3) is punishable by confinement for one year or more in a penitentiary.[2]
All agree that if a defendant were convicted of an offense described in subsection 3 of 46.04(f) that was punishable by not more than one year of confinement, then that offense would not be “an offense described in” the federal felon-in-possession-of-a-firearm statute, 18 U.S.C. § 922(g)(1).[3] That is because the term of confinement for an offense qualifying under 46.04(f)(3), “confinement for one year or more in a penitentiary,” can be less than the term of confinement for an offense described in § 922(g)(1), which is “punishable by imprisonment for a term exceeding one year.” However, all offenses described in subsection 1 of 46.04(f) are categorically offenses “punishable by imprisonment for a term exceeding one year.”[4] An offense under subsection 46.04(f)(1) is one that “is designated by a law of this state as a felony.”[5] Under Texas law, the least serious felonies are “state jail felonies,”[6] and the term of confinement for a state jail felony is “not more than two years or less than 180 days.”[7] Consequently, every offense expressly designated as a “felony” by a Texas statute carries a potential sentence of at least up to two years of confinement. Castillo-Rivera does not dispute this.
Castillo-Rivera argues that Texas Penal Code section 46.04(f) is overly broad and is not “divisible,” within the meaning of Supreme Court decisions including Mathis v. United States.[8] He therefore asserts that courts cannot consider the judicial documents pertaining to his prior conviction to see if it was for an offense that comes within subsection (1), rather than subsection (3). This argument should be rejected.
Each of the three subsections in 46.04(f) are distinct definitions of what offenses are considered “felon[ies]” for purposes of the Texas felon-in-possession statute. While it is undisputed that not all offenses described in subsection (3) are described within § 922(g)(1), all offenses described in subsection (1) are described within § 922(g)(1). Importantly, each of the subsections in 46.04(f) contains only legal defi *229 nitions. Whether a prior conviction is an offense coming within subsection (1) of 46.04(f) is a question of law decided by the Texas courts in which the felon-in-possession-of-a-fírearm is prosecuted.[9] In the present case, a court can examine the predicate offense for the Texas felon-in-possession-of-a-fírearm conviction and determine, as a matter of law, whether that predicate offense came within subsection 46.04(f)(1).
Although it is questionable whether the Mathis divisibility inquiry fully applies to a statute such as Texas Penal Code section 46.04(f), that inquiry leads to the conclusion that section 46.04(f) is “divisible.” The decision in Mathis explains that when considering if Congress intended certain offenses to constitute an enumerated or described offense, “Congress referred only to their usual or (in our terminology) generic versions — not to all variants of the offenses.” [10] Courts employ the “categorical approach,” which “focus[es] solely on whether the elements of the crime of conviction sufficiently match the elements of [the] generic” crime.[11] The existence of a prior criminal conviction is not an element of a offense in the sense that we often view the term “element.” For example, in the Armed Career Criminal Act (ACCA)[12] eases in which the concept of whether the statute of conviction is “divisible” has been developed, including Mathis, the Supreme Court has held that the fact of whether a prior conviction exists is not a question for the finder of fact.[13]
It should also be borne in mind that whether a person is a felon is an inquiry about status. Being denominated a felon under the law is not an act or omission (actus reus) accompanied by a state of mind (mens rea). Nor is the status of “felon” a “means” of committing another crime. It is a pre-existing legal designation. The Supreme Court’s divisibility analysis has focused on distinguishing “elements” of an offense from “means” of committing an offense when a statute of conviction is “alternatively phrased.”[14] That analysis has not been employed in resolving whether statutory alternatives, each of which concern only a question of law, are divisible. Whether a prior convie *230 tion is an offense that comes within subsection 1 of section 46.04(f) of the Texas Penal Code is purely a question of a law.
The Supreme Court has long recognized that the statute under which a prior conviction was obtained may contain alternatives. As noted, the divisibility inquiry resolves whether an alternative is an element of an offense or a means of committing an offense. For example, the decision in Mathis explains that in determining whether a statute is divisible, the “threshold inquiry” is “elements or means,” and state court decisions may “answer the question.”[15] If “a jury need not agree” on a factual matter, then that factual matter is not an element of the offense but a means of committing the offense.[16] The Mathis decision says that “ ‘[e]lements’ are the ‘constituent parts’, of a crime’s legal definition — the things the ‘prosecution must prove to sustain a conviction.’ ”[17] Importantly, Mathis tells us that “[a]t a trial,” elements “are what the jury must find beyond a reasonable doubt to convict the defendant,” and “at a plea hearing, they are what the defendant necessarily admits when he pleads guilty.”[18] The questions of fact for a Texas jury regarding a prior conviction in a felon-in-possession-of-a-firearm prosecution are whether there was in fact a prior conviction and whether the defendant currently in the dock was the defendant convicted in that prior proceeding.[19] This is typically proven by the introduction of a certified copy of the judgment in the prior case and identifying evidence such as fingerprints.[20] This dichotomy between the respective roles of jury and judge regarding the existence of a predicate offense is similar, if not identical to that in federal courts.[21] Once the existence *231 of a prior conviction is established, whether that conviction was for a predicate offense is not a question of fact but a question of law.
The reasons given by the Supreme Court for utilizing the categorical approach to determine if a prior conviction may be used to increase punishment all indicate that the elements/means inquiry elucidated in Mathis is not a particularly good “fit” for, or is not fully applicable to, a statute of conviction such as Texas Penal Code section 46.04(f). None of the reasons indicates that a court should be precluded from resolving the legal question of whether a prior conviction was for an offense defined in subsection (1) of 46.04(f).
The first reason articulated in Mathis is that the text of the ACCA focuses on “whether ‘the defendant had been convicted of crimes falling within certain categories,’ and not about what the defendant had actually done.”[22] Whether a defendant is a felon within the meaning of one of the subsections of 46.04(f) ' focuses only on whether a defendant has been convicted of crimes falling within certain categories, not what the defendant actually did. As noted, courts, not a jury, decide whether a particular offense is a “felony” within the meaning of one or more of section 46.04(f)’s definitions.
The second reason given by the Supreme Court is that Sixth Amendment concerns would be implicated if a judge, rather than a jury, were to find facts that increased a maximum penalty.[23] The Supreme Court explained that the judge’s role, “consistent with the Sixth Amendment,” is to “determine what crime, with what elements, the defendant was convicted of.”[24] A judge’s role in applying section 46.04(f) is to determine if, based on the statutory elements of the prior offense and the prescribed punishment, the prior offense comes within subsection 1, 2, or 3.
The third reason expressed by the Supreme Court is that “an elements-focus avoids unfairness to defendants” because “statements of ‘non-elemental fact’ in the records of prior convictions are prone to error precisely because their proof is unnecessary” and “a defendant may have no incentive to contest what does not matter under the law; to the contrary, he ‘may have good reason not to.’ ”[25] This concern is not implicated by any of the alternative definitions under 46.04(f) because each simply sets forth the legal parameters that determine whether a prior conviction comes within that statute’s definition of a felony.
The disjunctive listings in Texas Penal Code section 46.04(f) are not of the same ilk as those that have been the focus of the Supreme Court’s divisibility analyses. But the reasons given by the Supreme Court for preventing a court from examining the underpinnings of a prior conviction support, rather than foreclose, application of ■the modified categorical approach to section 46.04(f). A court, as a legal matter, may determine whether a prior conviction comes within subsection (1) of 46.04(f) without transgressing the reasons that the categorical approach is applied. Uniformity and fairness are vindicated, not subverted, by determining if a prior conviction comes within subsection (1). Section 46.04(f) is divisible. Castillo-Rivera’s conviction in 2009 was for a “felony” within the meaning of 46.04(f)(1), and that conviction is cate *232 gorically an offense “described in” § 922(g)(1).
With regard to Castillo-Rivera’s argument that the definition of a firearm in Texas Penal.Code section 46.04 is broader than § 922(g)’s definition, I fully agree with the en banc court’s reasoning and disposition.

. 8 U.S.C. § 1101(a)(43)(E).

. Tex. Penal Code Ann. § 46.04 (West).

. See 8 U.S.C. § 1101(a)(43)(E) (referencing '•'an offense described in” 18 U.S.C. § 922(g)).

. 18 U.S.C § 922(g)(1).

. Tex. Penal Code Ann. § 46.04(f)(1) (West).

. See id. § 12.04:
§ 12.04. CLASSIFICATION OF FELONIES
(a) Felonies are classified according to the relative seriousness of the offense into five categories:
(1) capital felonies;
(2) felonies of the first degree;
(3) felonies of the second degree;
(4) felonies of the third degree; and
(5) state jail felonies.
(b) An offense designated a felony in this code without specification as to category is a state jail felony.

. Id. § 12.35(a).

. - U.S. -, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016).

. See Lucio v. State, 128 S.W.3d 262, 263 (Tex. App. — Houston [1st Dist.] 2003, no pet.) ("The issue presented by this appeal is whether the State was required to prove that the aggravating offense, i.e., indecency with a child, was a felony. We hold that the State was not required to put on evidence to prove that indecency with a child is a felony. It is true that whether the appellant committed the crime of indecency with a child was a question of fact for the jury. Accordingly, the jury was charged on the elements of indecency with a child. However, whether such crime is a felony presents a legal issue, not a fact question. Therefore, the trial judge correctly instructed the jury that indecency with a child is a felony, rather than submitting that issue to the jury for a factual determination.”); see also Andika v. State, No. 10-04-00278-CR, 2005 WL 1484050, at *4 (Tex. App. — Waco June 22, 2005, no pet.) (mem. op., not designated for publication) ("Whether a prior conviction is a felony is a question of law; it is not subject to a 'legal sufficiency’ review.”); Jordan v. State, No. 01-14-00721-CR, 2015 WL 6768497, at *7 (Tex. App.' — -Houston [1st Dist.] Nov. 5, .2015, no pet.) (mem. op., not designated for publication) ("Whether an out-of-state offense constitutes a felony for purposes of enhancement is a question of law that we review de novo.”).

. Mathis, 136 S.Ct. at 2248.

. Id.

. 18 U.S.C. § 924(e).

. Mathis, 136 S.Ct. at 2252 (“This Court has held that only a jury, and not a judge, may find facts that increase a maximum penalty, except for the simple fact of a prior conviction.”).

. Id. at 2249.

. Id. at 2256.

. Id.

. Id. at 2248 (quoting Black's Law Dictionary 634 (10th ed. 2014)).

. Id.

. See Flowers v. State, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007) (“To establish that a defendant has been convicted of a prior offense, the State must prove beyond a reasonable doubt that (1) a prior conviction exists, and (2) the defendant is linked to that conviction.”).

. See id. at 921-22 ("No specific document or mode of proof is required to prove [the elements of a prior conviction]. There is no ‘best evidence’ rule in Texas that requires that the fact of a prior conviction be proven with any document, much less any specific document. While evidence of a certified copy of a final judgment and sentence may be a preferred and convenient means, the State may prove both of these elements in a number of different ways, including (1) the defendant’s admission or stipulation, (2) testimony by a person who was present when the person was convicted of the specified crime and can identify the defendant as that person, or (3) documentary proof (such as a judgment) that contains sufficient information to establish both the existence of a prior conviction and the defendant’s identity as the person convicted.”) (footnotes omitted); Beck v. State, 719 S.W.2d 205, 209 (Tex. Crim. App. 1986) ("We have consistently held that a prior conviction alleged for enhancement or a conviction as a part of prior criminal record of a defendant ... may be established by certified copies of a judgment and a sentence and authenticated copies of the Texas Department of Correction records including fingerprints, supported by expert testimony identifying them as identical with known prints of the defendant.”).

. See, e.g., Fifth Circuit Pattern Jury Instructions (Criminal Cases) § 243.D, notes (2015) ("The determination whether the defendant has a prior conviction is for the jury. But, whether a conviction qualifies as a predicate offense under this statute is a legal question for the judge, not the jury.”); see also U.S. v. Elrawy, 448 F.3d 309, 312 (5th Cir. 2006) (noting that whether a defendant’s particular circumstance rendered him "illegally or unlawfully” in the United States based on statutory definitions was a legal issue of statutory interpretation, reviewed de novo).

. Mathis, 136 S.Ct. at 2252 (quoting Taylor v. United States, 495 U.S. 575, 600, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990)).

. Id.

. Id.

. Id. at 2253.