# In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

## NO. 09-17-00122-CR
_____

## ANTOINE JEROME NEWSOME, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 17-02-02094-CR**

## MEMORANDUM OPINION

Antoine Jerome Newsome appeals his conviction for evading arrest or detention with a vehicle. Newsome argues that the trial court erred in finding that Newsome's prior convictions in Florida constituted third degree or higher felonies for enhancement purposes. We affirm.

Background

The State charged Newsom with evading arrest or detention with a vehicle, a state jail felony. *See* Tex. Penal Code Ann. § 38.04(a), (b)(1)(B) (West 2011). The

1

indictment alleged three prior felony convictions as enhancements. *See* Tex. Penal Code Ann. § 12.42(d) (West Supp. 2017). On February 26, 2017, Newsome filed a motion to quash the indictment's enhancement paragraphs and argued that the three enhancement paragraphs "are invalid because the convictions being used for enhancement are misdemeanor convictions under Florida law and cannot be used to enhance in this matter."

Newsome pleaded guilty to the offense of evading arrest or detention with a vehicle and waived a jury trial as to punishment. He pleaded not true as to the deadly weapon finding and to the enhancement allegations in the indictment. On February 27, 2017, and prior to hearing any testimony at the sentencing hearing, the trial court denied the motion to quash.[1] The trial court found Newsome guilty of the offense of evading arrest or detention with a vehicle, found the deadly weapon charge and enhancement paragraphs to be true, and assessed punishment, enhanced by Newsome's three prior convictions in Florida, at sixty-five years in prison. Newsome appealed.

---

[1] On March 29, 2017, prior to the conclusion of the sentencing hearing, Newsome filed a "Supplemental Motion to Quash Indictment/Enhancement Paragraphs" and argued that the application of section 12.41 of the Texas Penal Code to the enhancement paragraphs alleged in his indictment was "unconstitutional to this Defendant as it violates the Equal Protection Clause[.]"Because the original motion to quash had already been denied, the trial court treated this pleading as a motion to reconsider, which it also denied.

Analysis

On appeal, Newsome argues the trial court erred in finding that Newsome's Florida convictions constituted third degree or higher felonies under section 12.41 of the Texas Penal Code. Newsome asserts that by making this finding the trial court wrongfully sentenced Newsome as an habitual offender, that his due process and equal protection rights were violated, and the judgment should be reversed for a new trial on sentencing.

According to the appellate record, it is clear from the face of the Florida documents that Appellant was convicted of: (1) "Robbery/Strongarm[,]" (2) "Grand Theft 3rd Degree/Vehicle[,]" and (3) "Cocaine/Sell/Man/Deliver/Possess w/Intent[.]" A Florida court placed Newsome on probation for the robbery and theft offenses, but later revoked probation and ordered Newsome to serve concurrent jail sentences. A Florida court subsequently sentenced Newsome to jail time for the cocaine-related offense.

Newsome contends that the sentences imposed upon him by the Florida courts "were the equivalent of State Jail Felonies in Texas because the punishment scheme under those sentences was similar to the punishment scheme of State Jail Felonies in Texas[,]" and that in each of the Florida cases, the sentences imposed determined that he was convicted of a misdemeanor in each case and those convictions cannot

3

be used to enhance him to habitual-offender status. He argues that because he received time in a county jail for the Florida offenses, those convictions cannot be classified for enhancement purposes as third degree felonies. As to his constitutional challenge, Newsome argues that section 12.41 is unconstitutional as applied to him because there was no expectation that the penalties he agreed to accept on the Florida cases would ever be used in any state as third-degree felonies for enhancement purposes.

> Section 12.41 of the Texas Penal Code provides, in pertinent part:
>
> For purposes of this subchapter, any conviction not obtained from a prosecution under this code shall be classified as follows:
> (1) "felony of the third degree" if imprisonment in the Texas Department of Criminal Justice or another penitentiary is affixed to the offense as a possible punishment[.]

Tex. Penal Code Ann. § 12.41(1) (West 2011). Section 12.41(1) applies to out-of-state convictions regardless of whether the convicting jurisdiction calls the offense a felony, or whether the appellant received actual time in a penitentiary as a punishment. *See generally State v. Richardson*, 439 S.W.3d 403 (Tex. App.—Fort Worth 2014, pet. ref'd). Whether an out-of-state offense constitutes a felony for purposes of enhancement is a question of law that we review de novo. *See id.*; *Lucio v. State*, 128 S.W.3d 262, 263-64 (Tex. App.—Houston [1st Dist.] 2003, no pet.). This Court has previously applied section 12.41 to out-of-state convictions for

4

enhancement purposes. *See Lindsey v. State*, Nos. 09-16-00327-CR & 09-16-00328-CR, 2017 Tex. App. LEXIS 8852, at \*\*4-5 (Tex. App.—Beaumont Sept. 20, 2017, no pet.) (mem. op., not designated for publication); *Scoggins v. State*, No. 09-11-00598-CR, 2013 Tex. App. LEXIS 7749, at \*\*13-14 (Tex. App.—Beaumont June 26, 2013, pet. ref'd) (mem. op., not designated for publication); *Golden v. State*, 874 S.W.2d 366, 368 (Tex. App.—Beaumont 1994, pet. ref'd).

Section 12.41 requires this Court to consider sister state and federal convictions, where punishable by confinement in the Texas Department of Criminal Justice or another penitentiary, to be third degree felonies for purposes of enhancing punishment or punishing an accused as a repeat or habitual offender. *Davis v. State*, 645 S.W.2d 288, 292 (Tex. Crim. App. 1983); *Ex parte Blume*, 618 S.W.2d 373, 376 (Tex. Crim. App. 1981). In the instant case, the paperwork for the judgments for the three Florida convictions cites to a Florida statute for each of the three offenses. The judgment for the robbery offense recites that it is a "2/F" degree offense and reflects that Newsome violated section 812.13(2)(c), which is a second-degree felony according to the Florida statute in question. *See* Fla. Stat. Ann. § 812.13(2)(c). The judgment for the theft offense recites that it is a "3/F" degree offense and reflects that Newsome violated section 812.014(2)(c), which is a third-degree felony according to the Florida statute in question. *See id.* § 812.014(2)(c). The judgment

5

for the cocaine-related offense recites that it was a "2/F" degree offense and that Newsome violated section 893.13(1)(a), which is a second-degree felony. *See id.* § 893.13(1)(a).

In Florida, a second-degree felony carries a term of imprisonment not exceeding fifteen years. *See id.* § 775.082(3)(d). A third-degree felony carries a term of imprisonment not exceeding five years. *See id.* § 775.082(3)(e). According to section 775.08(1) of the Florida statutes, "felony" means any criminal offense that is punishable by death or imprisonment in a "state penitentiary[,]" and that a person "shall be imprisoned in the state penitentiary for each sentence which exceeds . . . 1 year." *See id.* § 775.08(1). We conclude that the trial court properly determined that the out-of-state convictions were felonies for enhancement purposes. *See Trotti v. State*, 698 S.W.2d 245, 246 (Tex. App.—Austin 1985, pet. ref'd).

Newsome argues that his due process rights under the United States and Texas Constitutions were violated because he was only sentenced to county jail for the Florida convictions and "there was no expectation that the penalties he agreed to accept on the Florida cases would ever be used in any state as third-degree felonies for enhancement purposes." Similar arguments have been rejected by our sister courts. *See Andika v. State*, No. 10-04-00278-CR, 2005 Tex. App. LEXIS 4862, at *14 (Tex. App.—Waco June 22, 2005, no pet.) (mem. op., not designated for

6

publication) (rejecting appellant's due process argument that the federal conviction alleged for enhancement purposes carried a punishment range of a fine only or up to twenty years in prison was so broad and vague that it made it impossible to classify it as a felony or misdemeanor for enhancement purposes, and concluding that for purposes of enhancement in Texas, the appellant's federal conviction is a felony based on the possible penitentiary punishment); *Pope v. State*, No. 05-02-01745-CR, 2004 Tex. App. LEXIS 4783, at \*\*9-12 (Tex. App.—Dallas May 27, 2004, pet. ref'd) (op. on reh'g, not designated for publication) (rejecting appellant's argument that section 12.41's classification based on possible, rather than actual, punishment constitutes a denial of due process, and concluding that to adopt appellant's interpretation of the statute would "render the language 'as a possible punishment' meaningless surplusage[]"). We agree with the rationale of our sister courts and reject the argument made by Newsome. We conclude that the application of section 12.41 did not violate Newsome's due process rights.

Newsome argues that he should not have been sentenced as an habitual felony offender because it violates the equal protection clauses of the United States and Texas Constitutions. He contends that "a person punished for similar misdemeanor sentences in Texas would not be subject to enhancement as a habitual offender." Newsome contends that "[u]nder Section 12.41, the state is allowed to take what are

misdemeanor offenses in Florida and make them third-degree felony cases in Texas." We disagree. To prevail on an equal protection claim, the complaining party must establish two elements: (1) the party was treated differently than other similarly situated parties; and (2) the party was treated differently without a rational basis by the government. *Smith v. State*, 898 S.W.2d 838, 847 (Tex. Crim. App. 1995).

First, as we have previously explained herein, the record indicates Newsome was convicted in Florida of three felony offenses. Second, Newsome failed to establish in the trial court below the specific factual nature of Newsome's Florida offenses and what degree of felony the state of Texas could have charged him for such offenses, or how he has been treated differently from other similarly situated parties. Accordingly, Newsome's equal protection claim fails. *See Smith*, 898 S.W.2d at 847; *Tucker v. State*, 136 S.W.3d 699, 701 (Tex. App.—Texarkana 2004, no pet.) (overruling an appellant's equal protection argument because, in part, the record did not indicate whether the appellant's out-of-state convictions involved burglary of a building or a habitation). We overrule Newsome's appellate issue. We affirm the trial court's judgment.

AFFIRMED.

_____
LEANNE JOHNSON
Justice

8

Submitted on January 29, 2018
Opinion Delivered February 28, 2018
Do Not Publish

Before McKeithen, C.J., Horton and Johnson, JJ.