# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-21-00368-CR

**Rasheen Smith, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE 424TH DISTRICT COURT OF BLANCO COUNTY
### NO. CR01732, THE HONORABLE EVAN C. STUBBS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Rasheen Smith entered open guilty pleas to one count of engaging in organized criminal activity (Count I) and two counts of forging financial instruments (Counts II and III). *See* Tex. Penal Code §§ 32.21(d), 71.02(a). Following a punishment hearing, the trial court sentenced him to 17 years' confinement on Count I and two years' confinement on Counts II and III, with the sentences to run concurrently.[1] *See id.* § 3.03. In a single issue on appeal, Smith contends that his sentence was illegally enhanced by a prior out-of-state conviction that did not qualify as an enhancing conviction as a matter of law. We will affirm the trial court's judgment of conviction.

---

[1] On the face of the judgment for Count I, the trial court also assessed a $3,000 fine and ordered Smith to pay $2,209.11 in restitution.

# BACKGROUND

Smith was charged in a 13-count indictment with one count of engaging in organized criminal activity, a third-degree felony, and 12 counts of forging financial instruments. In addition, the State filed notice of its intent to prove four prior Georgia felony convictions for enhancement purposes. During the plea hearing, Smith pleaded guilty to Counts I through III. He also pleaded true to the first enhancement paragraph—alleging a 1997 Georgia conviction for the non-state jail felony offense of theft by receiving stolen property—and to the remaining 10 forgery counts. In exchange for his pleas, the State agreed to dismiss the remaining counts and be barred from any further prosecution concerning them.

Following a punishment hearing at which Smith, his wife, and an employee of his nonprofit testified, the trial court found Smith guilty of Counts I through III and found the allegations in the enhancement paragraph to be true. The court assessed his punishment at 17 years' confinement, a $3,000 fine, and $2,209.11 in restitution for Count I; two years' confinement for Count II; and two years' confinement for Count III and ordered that the sentences run concurrently. This appeal followed.

# DISCUSSION

In his only issue, Smith contends that his sentence was illegally enhanced because his 1997 Georgia conviction for theft by receiving stolen property does not qualify as an enhancing conviction under subsections 12.41(1) and 12.42(a) of the Texas Penal Code. *See id.* §§ 12.41, .42. Consequently, he asserts that his assessed punishment of 17 years' confinement for Count I exceeded the statutorily permissible range for a third-degree felony and was therefore

unlawful. *See id.* § 12.34(a) (providing that individual adjudged guilty of third-degree felony may not be punished by imprisonment for term of more than 10 years).

"An out-of-state prior final felony conviction can be used to enhance a sentence imposed in Texas." *Ex parte Pue*, 552 S.W.3d 226, 231 (Tex. Crim. App. 2018). The Legislature enacted section 12.41 of the Penal Code "to deal specifically with the classification for enhancement purposes of convictions obtained outside the Penal Code." *Ex parte Blume*, 618 S.W.2d 373, 376 (Tex. Crim. App. 1981). Subsection 12.41(1) provides that a non-Penal Code conviction, such as an out-of-state conviction, is classified as a third-degree felony if imprisonment in a penitentiary is "affixed to the offense as a possible punishment." Tex. Penal Code § 12.41; *see Robles v. State*, 141 S.W.3d 250, 252 (Tex. App.—Austin 2004, pet. ref'd) (observing that statute "has been held to apply to prior convictions obtained under Texas statutes other than the current penal code, as well as to previous convictions obtained outside of Texas under the laws of other states and the federal government"). Such a conviction "may be used for enhancement of punishment pursuant to [section] 12.42," *Trotti v. State*, 698 S.W.2d 245, 246 (Tex. App.—Austin 1985, pet. ref'd), which provides in relevant part:

> Except as provided by Subsection (c)(2), if it is shown on the trial of a felony of the third degree that the defendant has previously been finally convicted of a felony other than a state jail felony punishable under Section 12.35(a), on conviction the defendant shall be punished for a felony of the second degree.

Tex. Penal Code § 12.42(a).

The parties disagree about the applicable standard of review. "Whether an out-of-state offense constitutes a felony for purposes of enhancement is a question of law that we review de novo." *Newsome v. State*, No. 09-17-00122-CR, 2018 WL 1097644, at *2 (Tex.

App.—Beaumont Feb. 28, 2018, no pet.) (mem. op., not designated for publication)[2] (citing *State v. Richardson*, 439 S.W.3d 403 (Tex. App.—Fort Worth 2014, pet. ref'd); *Lucio v. State*, 128 S.W.3d 262, 263–64 (Tex. App.—Houston [1st Dist.] 2003, no pet.)); *Jordan v. State*, No. 01-14-00721-CR, 2015 WL 6768497, at *7 (Tex. App.—Houston [1st Dist.] Nov. 5, 2015, no pet.) (mem. op., not designated for publication) (citing *Smith v. State*, 309 S.W.3d 10, 13–14 (Tex. Crim. App. 2010)). *But see Thomas v. State*, 482 S.W.3d 235, 246 (Tex. App.—Eastland 2015, no pet.) (concluding that "[t]he trial court did not abuse its discretion when it permitted the jury to consider [defendant]'s prior Louisiana felony convictions" where defendant contended that State had failed to prove that convictions were not state jail felonies for enhancement purposes).

The State's contrary assertion that we should employ an abuse-of-discretion standard results from its misconstruing Smith's claim as a challenge to the sufficiency of the evidence supporting the trial court's finding that his enhancement allegation was true. *See Mosley v. State*, No. 05-09-01315-CR, 2010 WL 5375968, at *5 n.2 (Tex. App.—Dallas Dec. 29, 2010, pet. ref'd) (mem. op., not designated for publication) ("When a defendant pleads 'true' to an enhancement paragraph, he cannot complain on appeal that the evidence is insufficient to support the enhancement. Here, however, appellant challenges the legal classification of his prior offense." (internal citation omitted)); *Andika v. State*,

---

[2] Although we are not bound by our sister courts' determination of the proper standard of review, we find their implicit reasoning persuasive. Whether a prior conviction is a felony is a question of law, *Andika v. State*, No. 10-04-00278-CR, 2005 WL 1484050, at *4 (Tex. App.—Waco June 22, 2005, no pet.) (mem. op., not designated for publication), and the trial court is not in a better position to decide the issue, which does not involve matters of witness demeanor or credibility, *see State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004) ("When the resolution of a question of law does not turn on an evaluation of the credibility and demeanor of a witness, then the trial court is not in a better position to make the determination, so appellate courts should conduct a *de novo* review of the issue.").

No. 10-04-00278-CR, 2005 WL 1484050, at *4 (Tex. App.—Waco June 22, 2005, no pet.) (mem. op., not designated for publication) ("Whether a prior conviction is a felony is a question of law; it is not subject to a 'legal sufficiency' review."); *see also Ex parte Rich*, 194 S.W.3d 508, 515 (Tex. Crim. App. 2006) ("Applicant's situation should be addressed as a claim of illegal sentence because the mischaracterization of his prior offense affected his sentence, rather than the trial court's determination of guilt."); *Thomas v. State*, No. 03-19-00471-CR, 2021 WL 2834716, at *3 (Tex. App.—Austin July 8, 2021, pet. ref'd) (mem. op., not designated for publication) (treating as illegal-sentence complaint contention that "prior convictions in Arizona and California were the equivalent of a state-jail felony or misdemeanor in Texas and thus, could not have been used to enhance [defendant's] sentence").

In determining the classification of a prior conviction under section 12.41, an appellate court may take judicial notice of the laws of another state, even where the text of those laws does not appear in the trial record. *See* Tex. R. Evid. 202 (allowing court, "at any stage of the proceeding," to "take judicial notice on its own" of another state's public statutes); *Cain v. State*, 721 S.W.2d 493, 494 (Tex. App.—Houston [1st Dist.] 1986, no pet.) ("A Texas appellate court may take judicial notice of the laws of another state."); *Tate v. State*, 120 S.W.3d 886, 889 (Tex. App.—Fort Worth 2003, no pet.) ("We may take judicial notice of another state's law for the first time on appeal." (citing *Tompkins v. State*, 774 S.W.2d 195, 215 (Tex. Crim. App. 1987); *Ex parte Mason*, 656 S.W.2d 470, 471 (Tex. Crim. App. 1983); *Gaffney v. State*, 812 S.W.2d 439, 440 (Tex. App.—Texarkana 1991, pet. ref'd); *Nubine v. State*, 721 S.W.2d 430, 434 (Tex. App.—Houston [1st Dist.] 1986, pet. ref'd))); *Jones v. State*, 758 S.W.2d 356, 356 (Tex. App.—Houston [14th Dist.] 1988, pet. ref'd) ("[W]e are not limited to the record made in the trial court as to law of a sister state. We may take judicial notice of the

laws of Maryland."). As the Court of Criminal Appeals explained in *Mason* prior to the enactment of Rule 202, "[W]e reject the notion that an appellate court must look solely to the record made in the trial court for 'evidence' of statutory provisions in the law of a sister state." 656 S.W.2d at 471; *see also Willis v. State*, 589 S.W.3d 221, 225 (Tex. App.—Texarkana 2019, no pet.) (observing that content of another state's law is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned).

Here, the enhancement paragraph to which Smith pleaded true alleged:

> It is presented in and to said [c]ourt that, on or about August[] 25, 1997, in Cause Number 97CR2460, in the Superior Court of Dekalb County, Geo[r]gia, the Defendant was finally convicted of the non-state jail felony offense of THEFT RECEIVING STOLEN PROPERTY.

During the plea hearing, both Smith and his counsel stated that they understood that by pleading true to the enhancement, Smith's "range of punishment on Count 1 would be anywhere from two to 20 years in prison." Smith also testified that he had read and understood Count I, for which the trial judge explained "the range of punishment . . . is actually that of a second degree felony, just as I discussed, of 2 to 20 years in prison, 2 to 10 years of probation, and up to a $10,000 fine." Smith subsequently pleaded guilty to Counts I through III and true to the enhancement paragraph "simply because [he is] guilty and because the allegations are true and for no other reason."

Under Georgia law, "[a] person commits the offense of theft by receiving stolen property when he receives, disposes of, or retains stolen property which he knows or should know was stolen unless the property is received, disposed of, or retained with intent to restore it to the owner." Ga. Code Ann. § 16-8-7(a) (1997). The offense is punished as a misdemeanor

6

except, in relevant part: "if the property which was the subject of the theft exceeded $500.00 in value, by imprisonment for not less than one nor more than ten years or, in the discretion of the trial judge, as for a misdemeanor." *Id.* § 16-8-12(a)(1). A "felony" is defined under Georgia law as "a crime punishable by death, by imprisonment for life, or by imprisonment for more than 12 months." *Id.* § 16-1-3(5).

Because the out-of-state offense for which Smith was convicted carried imprisonment in a penitentiary as a possible punishment, it is a third-degree felony for enhancement purposes under subsection 12.42(a). *See* Tex. Penal Code §§ 12.41(1), .42(a). Thus, his sentence was properly enhanced, and, as it did not exceed the statutory maximum for a second-degree felony, *see id.* § 12.33(a) (providing that second-degree felony is punishable by imprisonment "for any term of not more than 20 years or less than 2 years"), was not illegal, *see Ex parte Pue*, 552 S.W.3d at 228 ("An illegal sentence is one that is not authorized by law; therefore, a sentence that is outside the range of punishment authorized by law is considered illegal." (citing *Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003); *Ex parte Beck*, 922 S.W.2d 181, 182 (Tex. Crim. App. 1996))).

Smith argues, conversely, that the issue is decided by the Court of Criminal Appeals' decision in *Ex parte White*, 211 S.W.3d 316, 319 (Tex. Crim. App. 2007). He asserts that the Georgia offense of theft by receiving stolen property is "substantially similar" to the Texas offense of theft, which is classified as a misdemeanor or state jail felony unless the value of the stolen property exceeds $30,000 or meets certain categorical exceptions inapplicable here. *See* Tex. Penal Code § 31.03(a), (e)(1)–(5). Because the record is silent as to the value of the stolen property in the Georgia case, he contends, the State failed to demonstrate that the

7

conviction in that case was for a felony and could therefore be used to enhance his sentence under subsection 12.42(a).

His reliance on *White* is, however, misplaced. *White* concerned enhancement under subsection 12.42(c)(2), not 12.42(a). 211 S.W.3d at 318; *see* Tex. Penal Code § 12.42(c)(2) (addressing enhancement when charged offense and previous felony offenses were sexual assault or human trafficking-related offenses). Subsection 12.42(g)(2) provides, "*For the purposes of Subsection (c)(2)*: . . . a conviction under the laws of another state for an offense containing elements that are substantially similar to the elements of an offense listed under Subsection (c)(2)(B) is a conviction of an offense listed under Subsection (c)(2)(B)." Tex. Penal Code § 12.42(g)(2) (emphasis added). For purposes of subsection 12.42(a), on the other hand, "the relevant inquiry is whether another state chose to classify the offense as a felony." *Williams v. State*, 356 S.W.3d 508, 517 (Tex. App.—Texarkana 2011, pet. ref'd) (distinguishing between standards under subsections 12.42(a) and 12.42(c)(2)); *see Cook v. State*, 256 S.W.3d 846, 851 (Tex. App.—Texarkana 2008, no pet.) (explaining that defendant's reliance on subsection 12.42(c)(2) was misplaced because "'substantially similar' requirement is not applicable to enhancements under Section 12.42(d)").

Smith also argues that although he pleaded true to the enhancement allegation—which as a "general rule . . . relieves the state of its burden to prove a prior conviction alleged for enhancement and forfeits the right to appeal the insufficiency of evidence to prove the prior conviction"—his case falls within the exception "when the record affirmatively reflects that the enhancement itself was improper." *Roberson v. State*, 420 S.W.3d 832, 838 (Tex. Crim. App. 2013) (citing *Sanders v. State*, 785 S.W.2d 445, 448 (Tex. App.—San Antonio 1990, no pet.)). We first note that his argument conflates an illegal-sentence claim, a question of law, with an

8

evidentiary-sufficiency challenge. *Cf. Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007) (explaining that to prove prior conviction, State must only establish that (1) conviction exists, and (2) defendant is linked to conviction"). *But see Lugo v. State*, 299 S.W.3d 445, 455 (Tex. App.—Fort Worth 2009, pet. ref'd) ("[F]or the State to show that Lugo was subject to punishment as a two-time habitual offender, it was required to show beyond a reasonable doubt that before commission of the primary offense—murder—Lugo had been finally convicted of *felonies* in cause numbers 0573866D and 0484031D and that they were committed in the proper sequence."). Second, to the extent that Smith raises such a challenge, the enhancement paragraph does not show on its face that his conviction was for a misdemeanor, and there is nothing in the record before us to indicate that the allegation was of an offense for which imprisonment in a penitentiary was not a possible punishment. *See Axelrod v. State*, 764 S.W.2d 296, 301–02 (Tex. App.—Houston [1st Dist.] 1988, *pet. dism'd* 789 S.W.2d 594 (Tex. Crim. App. 1989)) ("[W]e have before us a silent record, a plea of true, and a facially valid enhancement allegation. No reversible error is apparent in this record."). Any such argument is therefore without merit.

For these reasons, we overrule Smith's single issue on appeal.

## CONCLUSION

Having overruled Smith's sole issue, we affirm the judgment of the trial court.

9

_____

Rosa Lopez Theofanis, Justice

Before Justices Baker, Theofanis, and Jones*

Affirmed

Filed: May 4, 2023

Do Not Publish

*Before J. Woodfin Jones, Chief Justice (Retired), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code § 74.003(b).